John Lee Story appeals from the revocation of his probation. He was convicted on October 30, 1987, for three drug offenses: one for the sale of cocaine and two for the sale of marijuana. He was sentenced to five years' imprisonment in each case, with the sentences to run concurrently. Subsequently, the sentences were suspended and the appellant was placed on five years' probation.
On November 8, 1989, the appellant was convicted in a new case for the sale of cocaine, and at the sentencing hearing for the new conviction on January 24, 1990, the trial court, on motion of the state, revoked the appellant's probation. The transcript pertaining to the revocation shows, in its entirety, the following:
 "COURT — On your old case, 87-76, I see that you are technically on probation on that and I am going to revoke your probation on that because of your conviction in the one we have been talking about here this morning. It will run concurrent with the sentence you got here this morning. You're in the custody of the Sheriff."
Appellant contends that he was not afforded a hearing prior to the revocation of his probation and, thus, that he was denied his constitutional right to due process of law. He relies on the requirements for due process in parole and probation revocations set out in Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and adopted by the Alabama Supreme Court in Armstrong v. State,294 Ala. 100, 312 So.2d 620 (1975). The state contends that the appellant made no objection to the order of revocation in the trial court and, therefore, that the issue was not preserved for our review. The state's contention has apparently been rejected by our supreme court by its decision in the recent case of Ex parte Helton, [Ms. 89-866, August 10, 1990] (Ala. 1990).
The record before us discloses that the appellant did not receive a probation revocation hearing. The trial court entered its order, ex parte, revoking the probation. Section 15-22-54, Code of Alabama 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional. Martin v. State, 46 Ala. App. 310,241 So.2d 339 (1970); McCain v. Sheppard, 33 Ala. App. 431,34 So.2d 225 (1948). No hearing having been held, the action of the trial court revoking probation was void, and the failure of the appellant to object to the action in the trial court is of no consequence. There is no evidence that the appellant waived his right to a hearing.
In addition, the appellant was denied his constitutional right to due process by the revocation of his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes, among other things, an opportunity to be heard in person and to present witnesses and documentary evidence. In the instant case, the appellant was not accorded any of the minimal due *Page 512 
process rights required by Armstrong v. State.
We are sure that the trial court, having the appellant before it in custody and standing convicted for a new felony, which would be, if true, a violation of probation, believed that it had the authority to revoke probation forthwith. However, this does not excuse the trial court from holding a revocation hearing, which not only is required by statute, but serves the dual purpose of determining whether the violation occurred and whether revocation is appropriate in spite of the violation. These matters of necessity have to be determined in a hearing. We quote, with approval, from N. Cohen J. Gobert, The Law ofProbation and Parole § 14.01 (1983):
 "Absent a valid waiver by the alleged violator, the cases overwhelmingly interpret Morrissey to require a final revocation hearing. Not surprisingly, the few decisions that have addressed this issue involved violations which were thought to be so clear that the authorities revoked parole or probation without a hearing. In reversing, the appellate courts noted that Morrissey assigns two functions to the final revocation hearing. The first, involving the factual determination of whether the violation occurred, can be resolved conclusively by a new criminal conviction or a confession. No final revocation hearing is necessary for this finding. However, the second function, requiring a determination of whether revocation is appropriate, can only be performed after a hearing in which the alleged violator is given an opportunity to present arguments and proof urging the authority to restore conditional liberty status.
 ". . . [T]he decisions are virtually unanimous in finding no substitute for the final revocation hearing's task of considering evidence of mitigation. . . ." (Footnotes omitted.)
For the above reasons, the judgment of the trial court revoking the appellant's probation is reversed and this cause is remanded with instruction that the judgment be set aside.
REVERSED AND REMANDED WITH INSTRUCTION.
All Judges concur.