TAYLOR, Presiding Judge.
In 1993, the appellant, Armando Hernandez, pleaded guilty to driving under the influence of alcohol. He was placed on probation for two years. In October 1994, he was arrested for driving under the influence, and as a result of that arrest the state petitioned for the revocation of the appellant’s probation. After a hearing in district court, the appellant’s probation was revoked because, the court noted, “the Defendant was arrested and charged with Driving Under the Influence.” It appears that the appellant then sought to appeal the revocation of his probation to the circuit court, stating that there was no transcript of the proceedings in district court, that the record was inadequate, and that he was seeking a trial de novo. The motion to appeal to the circuit court was denied and the appellant then appealed the revocation of his probation to this court.
This case cannot be reviewed by this court because there is no record of the proceedings in the district court. The state requests that this cause be remanded to the district court so that the parties can stipulate to the evidence presented at the probation hearing as provided in Rule 30.2, Ala. R.Crim.P. Thus, this case is remanded on the state’s motion.
Probation may not be revoked upon the sole ground that the probationer was subsequently arrested. Chasteen v. State, 652 So.2d 319 (Ala.Cr.App.1994). The court must have “ ‘substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached.’ ” Chasteen, 652 So.2d at 320, quoting Mitchell v. State, 462 So.2d 740, 742 (Ala.Cr.App. 1984).
We further observe that the court’s order revoking probation must comply with the United States Supreme Court cases of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In addressing probation revocation hearings, the Court, in Gagnon, quoting from Morrissey, stated the following minimal due process requirements that must be met before probation may be revoked:
“‘(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a “neutral and detached” hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.’ Morris-sey v. Brewer, supra, [408 U.S.] at 489, 92 S.Ct. at 2604.”
Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761-62. (Emphasis added.)
For the reasons stated above, this cause is remanded to the District Court for Mobile County. Due return should be filed with this *477 court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.