ON RETURN TO REMAND
The appellant, Armando Hernandez, appealed the revocation of his probation. We remanded this case so that the parties could stipulate to the evidence presented at the probation revocation hearing. Hernandez v. State, 673 So.2d 475
(Ala.Cr.App. 1995). We also noted that the court's order revoking probation must comply with the standards set forth inMorrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), by making a written statement as to the evidence relied on and the reasons for revoking the appellant's probation.
The trial court has filed a return with this court, which states:
 "The court heard testimony from witnesses concerning the defendants actions and the court was satisfied that the defendant knew, as a condition of his probation he was not to drive a vehicle in Mobile County while under the influence of alcohol to such an extent that his normal functions are impaired. The court informed the defendant of this condition of probation when the defendant was placed on informal probation. The court is satisfied through competent testimony that the defendant did violate a term and condition of his probation by driving under the influence of alcohol, to such an extent his normal functions were impaired. The defendant was also given an opportunity to cross-examine and/or contest any evidence the state presented as well as testify himself."
(Emphasis added.)
The trial court's order does not comply withMorrissey and Gagnon because the court failed to make "a written statement . . . as to the evidence relied on . . ." The court states a conclusion by saying that "competent testimony" was presented; however, the court does not state what the "competent testimony" consisted of. *Page 478 
This case is remanded to the District Court for Mobile County so that that court can comply with the constitutional requirements of the United States Supreme Court inMorrissey and Gagnon. Only by compliance with these cases can a trial court constitutionally revoke probation. Due return should be filed in this court no later than 21 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On March 22, 1996, the Court of Criminal Appeals, following a response from the trial court, entered an order directing the Mobile District Court "to state in words within 14 days facts that it relied on when revoking probation and spell out specifically in words the testimony. If this is not done, then this Court has no option except to set aside revocation because of an insufficient sentencing order."
On April 26, 1996, the Court of Criminal Appeals entered the following order on its docket sheet: "Remand order of 3-22-96 amended to now direct trial court to set aside its order revoking appellant's probation because said order failed to meet requirements of U.S. Constitution and because trial court failed to take corrective action as previously directed by this court. Appeal dismissed." *Page 751