737 So.2d 1056 (1998)
Anthony Keith HOLLINS
v.
STATE.
CR-97-1526.
Court of Criminal Appeals of Alabama.
October 2, 1998.
Opinion on Return to Remand April 30, 1999.
*1057 Anthony Keith Hollins, appellant, pro se.
Bill Pryor, atty. gen., and Jean A. Therkelsen, asst. atty. gen., for appellee.
McMILLAN, Judge.
This appeal is from the trial court's order revoking the split sentence it had imposed on the appellant, Anthony Keith Hollins.
On February 25, 1997, the appellant pleaded guilty to burglary in the third degree, a violation of § 13A-7-7, Ala.Code 1975. He was sentenced to 15 years' imprisonment. His sentence was split pursuant to the Alabama Split Sentence Act, § 15-18-8, Ala.Code 1975, and he was required to serve three years in prison, followed by five years' probation. While serving his first year in prison, the appellant received two disciplinary violations. As a result, the trial court, on April 7, 1998, revoked the appellant's split sentence and ordered him to serve the balance of his original 15-year term. The appellant, on April 20, 1998, filed a motion for reconsideration, which the trial court denied.
The appellant argues that he was deprived of due process by the trial court's failure to follow the requirements of Rule 27, Ala.R.Crim.P., in revoking his split sentence. Specifically, he argues that the trial court erred in failing to conduct a hearing before it revoked his probation and imposed the original sentence.
The record discloses that the appellant did not receive a probation revocation hearing. The trial court entered its order, ex mero motu, revoking the probation. Section 15-22-54, Ala.Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional. Story v. State, 572 So.2d 510 (Ala.Cr. App.1990). Additionally, the appellant was denied his constitutional right to due process by the revocation of his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfinders as to the evidence relied on and the reasons for revoking probation. Rule 27.5 and 27.6, Ala.R.Crim.P. See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Hernandez v. State, 673 So.2d 477 (Ala.Cr. App.1995). In Leonard v. State, 686 So.2d 554, 555 (Ala.Cr.App.1996), this Court, in extending the minimum due process rights to a defendant whose split sentence had been revoked and the original sentence reinstated, held:
"When a split sentence is imposed and the period for filing a petition to modify a sentence has expired, in order for the trial court to revoke probation and impose the original sentence of imprisonment, the procedural due process rights of the defendant must be protected; the court must conduct a proper revocation proceeding."
We note that the appellant's original sentence was reinstated more than 14 months after his initial sentencing; therefore, the trial court was without jurisdiction to modify the sentence pursuant to a motion to modify. See Ex parte Hayden, 531 So.2d 940, 941 (Ala.Cr.App.1988) ("Since there was no motion for new trial or request to modify sentence filed with 30 days of sentencing, the trial judge lost all jurisdiction to modify the defendant's sentence.").
Here, because the appellant was not afforded the minimum due process rights to which he was entitled, this cause is remanded to the trial court to conduct a probation revocation hearing in compliance *1058 with Rule 27.6(a), Ala.R.Crim.P. Additionally, the court should file a written statement of the reasons for and the evidence relied upon in revoking the probation. Rule 27.6(f), Ala.R.Crim.P.; Miller v. State, 611 So.2d 434 (Ala.Cr.App.1992). A copy of the trial court's statement should be filed with this Court within 60 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.

On Return to Remand
McMILLAN, Judge.
On October 2, 1998, we remanded this cause to the trial court with instructions that that court conduct a probation revocation hearing in compliance with Rule 27.6(a), Ala.R.Crim.P. Additionally, the trial court was instructed to file a written statement of the reasons for, and the evidence it relied on in, revoking Anthony Keith Hollins's probation.
The record indicates that on February 25, 1997, Hollins pleaded guilty to burglary in the third degree, a violation of § 13A-7-7, Ala. Code 1975. He was sentenced to 15 years' imprisonment. His sentence was "split" pursuant to the Alabama Split Sentence Act, § 15-8-8, Ala. Code 1975, and he was ordered to serve three years in prison, to be followed by five years' probation. While he was serving his first year in prison, Hollins received two disciplinary violations. As a result, the trial court, on April 7, 1998, revoked his split sentence and ordered him to serve the balance of his original 15-year term. Hollins did not have a probation revocation hearing. Hollins, on April 20, 1998, filed a motion for reconsideration, which the trial court denied; he appealed, and we remanded the case.
On remand, in compliance with this Court's instructions, the trial court, on November 3, 1998, issued the following order containing specific findings of fact:
"Defendant being present in open court with his attorney and witnesses being sworn, the court having heard all the evidence in this case and having considered the same, finds that the evidence shows that Defendant, while incarcerated in the Alabama Department of Corrections as an inmate did strike another inmate, namely Jefferey Ramsey, and that he received a disciplinary hearing on this matter and was found guilty on the charge of striking another inmate and the court finds that this action was a violation of prison rules and this action is also a violation of the terms of probation imposed by this court and this court finds that justice requires that Defendant's probation be extended and his probation period be extended untill [sic] on March 15, 2000, and in all other respects his sentence shall remain unchanged."
Thus, the trial court properly held a probation revocation hearing as instructed. However, the court then changed Hollins's sentence by extending it so that Hollins's sentence was longer than the original 15-year sentence. This was the effect of the trial court's extending Hollins's probation until 2000 and then requiring him to serve the remainder of his sentence, which was just less than 14 years.[1]
The propriety of this sentence and probationary term was not properly before the trial court, because it was without jurisdiction to resentence Hollins.
"The principal question presented here is when this court remands a case to a trial court for the purpose of enhancing a sentence, does the trial court have jurisdiction to act beyond those instructions and, for example, grant a new trial? When an appeal is perfected, the trial court can do nothing with respect to any matter or question that is *1059 involved in the appeal and that may be adjudged by the appellate court. McKinney v. State, 549 So.2d 166 (Ala. Cr.App. 1989).
"`After an appeal is taken, the court whence it came loses control of the subject-matter or question in the case made the subject of an order, judgment, or decree from which the appeal is taken. Action in said case should be suspended in the trial court until the appeal is effectively abandoned, dismissed, or decided.'

"Id. at 167, quoting Lewis v. Martin, 210 Ala. 401, 409, 98 So. 635, 642 (1923) (citations omitted). On remand, the issues decided by an appellate court become the law of the case, and the trial court's duty is to comply with the directions given by the reviewing court. Lynch v. State, 587 So.2d 306 (Ala.1991); McGee v. State, 620 So.2d 145 (Ala.Cr. App. 1993).
"We remanded the instant case only for the purpose of further enhancing the appellant's sentence by five years as required by § 13A-12-250. Thus the trial court had no jurisdiction to modify the original or base sentence imposed or to take any action beyond the express mandate of this court. It certainly had no jurisdiction to grant a new trial or to attempt to dispose of the case in some other manner.
Ellis v. State, 705 So.2d 843 (Ala.Cr.App. 1997).
We remanded this cause solely for the trial court to conduct a hearing, as required by Rule 27, Ala.R.Crim.P. and § 15-22-54, Ala. Code 1975, and to file written findings as to reasons for all the evidence relied upon in revoking Hollins's probation. Rule 27.5 and Rule 27.6, Ala. R.Crim.P. The trial judge complied with the instruction of the remand insofar as he had jurisdiction. However, because Hollins's sentence was changed by that court without jurisdiction, that portion of the judgment purporting to change the sentence is vacated. The trial court's actions are otherwise affirmed.
AFFIRMED IN PART; VACATED IN PART.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.
NOTES
[1] Prior to our remand, the trial court had revoked the appellant's probation and required that he serve the remainder of his sentence, i.e., approximately 14 years.