Eddie James Zackery appeals from the revocation of his probation, contending that the trial court's order revoking his probation should be set aside because, he says, he was not afforded due process. The basis of Zackery's contention is that the trial court did not hold any type of probation-revocation hearing at which Zackery was present and that he did not waive the probation-revocation hearing, pursuant to Rule 27.5(b), Ala.R.Crim.P.; that the trial court did not afford him the opportunity to request counsel; and that the trial court's written order did not state the evidence relied upon by the trial court in revoking Zackery's probation.
The record tends to show the following: On December 11, 1997, Zackery pleaded guilty to unlawful possession or receipt of a controlled substance, a violation of § 13A-12-212, Ala. Code 1975; he was sentenced to five years' imprisonment. The sentence was suspended and Zackery was placed on supervised probation.
On January 11, 2001, the trial court scheduled a probation-revocation hearing for February 22, 2001, and on the scheduled hearing date, the following occurred:
"THE COURT: CC-97-677, State v. Eddie Zackery.
 "[Prosecutor]: Judge, [his probation officer] said that he got a new conviction in Clay County, it was a felony, and that they've already sent him to Kilby.
 "[Probation officer]: Judge, he wanted to be revoked, and I've got a certified copy of his conviction. His sister called me yesterday and said he wanted us to know that they had already taken him down to Kilby.
"THE COURT: Okay. I'll go ahead and revoke him."
(R. 2.)
On that same date, the trial court entered the following order in the case action summary: *Page 673 
 "This matter came before the court this date for a probation revocation hearing, at which time the Defendant failed to appear. However, the court was informed that Defendant was currently serving a new sentence out of Clay County in Kilby Correctional Facility. The court was further informed that Defendant requests this court to proceed with the revocation of his probation in this case. It is therefore ordered, adjudged and decreed that the Defendant's probation be and hereby is revoked and the Defendant is hereby ordered to serve his original sentence in this case."
(C. 2.)
In Hollins v. State, 737 So.2d 1056, 1057 (Ala.Crim.App. 1998), this Court stated:
 "Section 15-22-54, Ala. Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional. Story v. State, 572 So.2d 510
(Ala.Cr.App. 1990). Additionally, the appellant was denied his constitutional right to due process by the revocation of his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfinders as to the evidence relied on and the reasons for revoking probation. Rule 27.5 and 27.6, Ala.R.Crim.P. See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Hernandez v. State, 673 So.2d 477
(Ala.Cr.App. 1995)."
(Emphasis added.) In Peoples v. State, 807 So.2d 608, 610
(Ala.Crim.App. 2001), this Court stated:
 "`The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992). This Court "has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held." Puckett, 680 So.2d at 983.'
 "Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). This Court has also held that a defendant can raise for the first time on appeal the allegation that the trial court erred in failing to advise him of his right to request an attorney to represent him during probation-revocation proceedings. See Law v. State, 778 So.2d 249, 250 (Ala.Crim.App. 2000)."
In its brief to this Court, the State contends that the trial court's order revoking Zackery's probation is due to be affirmed because, it says, Zackery waived his right to be present at the revocation hearing, pursuant to Rule 27.5(b), Ala.R.Crim.P. However, after reviewing the record, we cannot agree.
The record does not contain a delinquency report or any documentation indicating that Zackery was given notice of the claimed violations of his probation or the evidence to be presented against him in his probation-revocation hearing — the only information before this Court is the statements made during the "hearing" that Zackery had "a new conviction in Clay County, it was a felony, and that they've already sent him to Kilby" and that "he *Page 674 
wanted to be revoked." (R. 2.) In his brief, Zackery states that after his arrest in Clay County, he did not see or speak with his probation officer.
There is no indication in the record that Zackery was afforded the minimal due-process requirements as set out in Hollins, supra. There is also no indication in the record that Zackery was advised by the trial court at any time that he had a right to request an attorney or that the trial court made an initial determination as to whether Zackery was entitled to counsel. See Law v. State, 778 So.2d 249, 251-52
(Ala.Crim.App. 2000). We have quoted the entire probation-revocation "hearing," and under the facts of this case, we cannot find that this two-minute exchange between the trial court, the prosecutor, and Zackery's probation officer can be classified as a probation-revocation hearing.
In light of the foregoing, we find that Zackery was not afforded the minimum due-process rights to which he was entitled. Thus, the trial court's order revoking Zackery's probation is reversed and this cause is remanded to the trial court to conduct probation-revocation proceedings in compliance with Rule 27.6, Ala.R.Crim.P. The trial court shall take all necessary action to ensure that the return to remand order is made within 60 days of the date of this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
McMillan, P.J., and Cobb and Baschab, JJ., concur. Wise, J., dissents, without opinion.