On April 6, 1999, the appellant, William Lena Young, pled guilty to two counts of unlawfully breaking and entering a vehicle and one count of first-degree theft of property. The trial court sentenced him to *Page 56 
serve concurrent terms of fifteen years in prison on each conviction, but split the sentences and ordered him to serve two years followed by five years on supervised probation. On September 11, 2003, the appellant's probation officer filed an "Officer's Supplemental Report on Delinquent Probationer," alleging that the appellant had committed the new offense of unlawfully breaking and entering a vehicle. During the trial of the new offense, the circuit court revoked the appellant's probation. This appeal followed.
The appellant argues that the circuit court erroneously revoked his probation without first conducting a revocation hearing. The record indicates that, immediately before the jury began its deliberations in the trial concerning the new offense, the following occurred:
 "[THE COURT:] All right. The Court, in connection with the petitions to revoke the defendant's probation, considering the evidence presented, finds that the Court is reasonably satisfied that the defendant violated the terms of his probation, and I revoke his probation.
"(To the defendant) Have a seat right over here.
 "[DEFENSE COUNSEL]: Your Honor, could I make — I didn't know you were going to take up the revocation. Could I announce that or address that?
"THE COURT: Sure. Say whatever you like."
(R. 3.) Defense counsel then argued that the revocation of the appellant's probation on this ground violated double jeopardy principles.
 "Section 15-22-54, Ala. Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional. Story v. State, 572 So.2d 510
(Ala.Cr.App. 1990). Additionally, the appellant was denied his constitutional right to due process by the revocation of his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfinders as to the evidence relied on and the reasons for revoking probation. Rule 27.5 and 27.6, Ala. R.Crim. P. See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Hernandez v. State, 673 So.2d 477 (Ala.Cr.App. 1995)."
Hollins v. State, 737 So.2d 1056, 1057 (Ala.Crim.App. 1998).
The circuit court's actions in revoking the appellant's probation did not constitute a revocation hearing. See Zackeryv. State, 832 So.2d 672 (Ala.Crim.App. 2001). Rather, the circuit court merely stated that it was revoking the appellant's probation. Also, defense counsel's comments indicated that he was not aware that the issue of revocation would be addressed at that time. Finally, the record does not indicate that the appellant waived his right to a revocation hearing pursuant to Rule 27.5(b), Ala. R.Crim. P. Accordingly, we reverse the circuit court's judgment and remand this case to that court for proceedings that are consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., dissents. *Page 57