WISE, Judge.
The appellant, D.L.B., appeals from the circuit court’s revocation of his probation. The record indicates that on July 10, 2003, D.L.B. was adjudicated a youthful offender, based on the circuit court’s finding that D.L.B. had altered the identification number on a firearm. He was sentenced to 3 years’ imprisonment; however, the court suspended that sentence, conditioned upon D.L.B.’s successful completion of a 180-day term in “Boot Camp,” and placed D.L.B. on supervised probation for the balance of his 3-year term. After D.L.B. was “dismissed from Boot Camp due to disruptive behavior,” the court remanded him to the custody of the Department of Corrections to serve a one-year term of imprisonment, with the balance of his sentence to be served on supervised probation.
Following his release from custody, D.L.B. began serving the probationary term of his sentence. On March 18, 2005, while on probation, D.L.B. was arrested by the Mobile County Sheriffs Office and charged with unlawful possession of a controlled substance — Xanax. D.L.B.’s probation officer filed a probation delinquency report on April 26, 2005, recommending that a hearing be conducted to determine if D.L.B. had violated the terms and conditions of his probation. On July 7, 2005, D.L.B. was arrested by the Mobile County Sheriffs Office for distribution of a controlled substance — cocaine.
A revocation hearing was scheduled for June 28, 2005; the hearing was reset for July 6, 2005. When the arresting officers did not appear for the July 6 hearing, the hearing was reset yet again, this time for July 13, 2005. A brief hearing was held on July 13, 2005. Present before the court were D.L.B. and his counsel, the prosecuting attorney, and one of the arresting officers. After hearing argument from the prosecutor and defense counsel, the circuit court revoked D.L.B.’s probation. No testimony was taken at the hearing, after the State conceded that the officer present for the hearing could not “actually place the drugs” and that the other arresting officer — the one who actually found ' the drugs — was on vacation. The court noted that it was revoking D.L.B.’s probation based on the State’s representation (R. 6). The court advised defense counsel: “Mr. Byrd, if you want to file a reconsideration and ask for a hearing, I will certainly reconsider. But as far as I am concerned, [D.L.B.] stays with the State at this point. He is in custody.” (R. 6-7.) Defense counsel acknowledged the court’s action, stating: “For the record, Judge, I renew my position that you can’t do this [revoke D.L.B.’s probation] without a hearing. The State has had two tries at the hearing and they’re not going forward with the evidence, just representations.” (R. 7.)
The court noted in its revocation order that since beginning his probation, D.L.B. had been arrested for unlawful possession of a controlled substance and for distribu *326 tion of a controlled substance. The court stated that it was “reasonably satisfied from said evidence that [D.L.B.] did violate the terms and conditions of his probation by committing the violations set out above.” (C. 10.) This appeal followed.
D.L.B. argues that the circuit court erroneously revoked his probation without first conducting a revocation hearing. Specifically, D.L.B. argues that the July 13, 2005, hearing, at which no witnesses testified and no evidence was presented, is insufficient to comply with the requirements of § 15-22-54, Ala.Code 1975. We agree.
In Hollins v. State, 737 So.2d 1056, 1057 (Ala.Crim.App.1998), this Court held:
“Section 15-22-54, Ala.Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional. Story v. State, 572 So.2d 510 (Ala.Cr.App.1990). Additionally, the appellant was denied his constitutional right to due process by the revocation of his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfin-ders as to the evidence relied on and the reasons for revoking probation. Rule 27.5 and 27.6, Ala.R.Crim.P. See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Hernandez v. State, 673 So.2d 477 (Ala.Cr.App.1995).”
Quoted with approval in Young v. State, 889 So.2d 55, 56 (Ala.Crim.App.2004); Zackery v. State, 832 So.2d 672, 673 (Ala.Crim.App.2001); Phillips v. State, 755 So.2d 63, 65 (Ala.Crim.App.1999).
Although the July 13, 2005, hearing purported to be a probation-revocation hearing, the court announced that it was revoking D.L.B.’s probation without hearing testimony from any State’s witnesses and without allowing D.L.B. an opportunity to be heard. Because the circuit court revoked D.L.B.’s probation based on the representations of the prosecutor, rather than on evidence presented to the court in the form of witness testimony or other legal evidence, D.L.B. was denied the right to a hearing where he could be heard and present witnesses and documentary evidence and where he could confront and cross-examine adverse witnesses. Also, defense counsel’s comments indicate that he was not aware of one of the grounds for revocation cited by the court in its written order, namely D.L.B.’s July 7, 2005, arrest and subsequent indictment for distribution of cocaine. Finally, the record does not indicate that D.L.B. waived his right to a revocation hearing pursuant to Rule 27.5(b), Ala.R.Crim.P. Indeed, counsel made it clear on several occasions that D.L.B. wished to have a formal revocation hearing. Accordingly, we reverse the circuit court’s judgment and remand this case to that court for proceedings consistent with this opinion.[1]
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

. In the event D.L.B. wishes to further challenge the adequacy of the circuit court’s revocation proceedings, he may file a new notice of appeal to this Court.