992 So.2d 797 (2008)
Henry Ed WALLACE
v.
STATE of Alabama.
CR-06-1080.
Court of Criminal Appeals of Alabama.
April 25, 2008.
*798 Leonard F. Mikul, Bay Minette, for appellant.
Troy King, atty. gen., and P. David Bjurberg, asst. atty. gen., for appellee.
SHAW, Judge.
Henry Ed Wallace appeals the trial court's revocation of his probation.
The record reflects that Wallace was convicted on February 23, 2006, of the unlawful distribution of a controlled substance. He was sentenced to three years' imprisonment; the sentence was split, and Wallace was placed on probation for three years. On June 21, 2006, Wallace's probation officer filed a delinquency report alleging that Wallace had violated the terms and conditions of his probation (1) by failing to report to his probation officer in May and June 2006; (2) by failing to pay supervision fees; and (3) by failing to pay court-ordered moneys. A warrant was issued for Wallace's arrest on June 28, 2006, and Wallace was arrested on December 15, 2006. (C. 14.) On December 18, 2006, Wallace was brought before the trial court for an initial appearance under Rule 27.5(a), Ala.R.Crim.P. Although that proceeding was not recorded, the trial court's order[1] from that date states, in pertinent part:
"On this day came the Defendant in person under warrant of arrest for examination, and the Defendant being advised by the Court of the action pending against him, its nature and consequences; to counsel of his choice and at his expense, or, if determined to be indigent by the Court, to counsel appointed at public expense to represent him at said hearing; to bail in a reasonable sum if charged with a bailable offense, and the defendant being examined in open court regarding these said alternatives and indigency vel non, and the matters being understood and considered by the Court, it is hereby ORDERED and ADJUDGED as follows:"
(C. 15.) In the order, the court then set a cash bond in the amount of $900, and scheduled a probation-revocation hearing for February 15, 2007.
A transcript of the February 15, 2007, proceeding is included in the record, and indicates that an assistant district attorney was present for the State and that Wallace appeared at the proceeding pro se. The entirety of this proceeding reads as follows:
"THE COURT: Henry Wallace. CC-05-1842.70. I find that the Defendant has violated the terms and conditions of his probation and I revoke his probation *799 and I order him to serve his original three-year sentence. Have a seat over there."
(R. 3.) The record contains a certification from the court reporter in which the reporter certified that the above paragraph is a "true and correct transcription of all the proceedings, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me." (R. 4; emphasis added.)[2]
On February 22, 2007, the trial court issued a written revocation order, in which it stated, in pertinent part:
"This matter having been set for hearing on probation revocation on the 15th day of February, 2007 and Defendant having appeared and admitting the allegations of the probation revocation, and upon testimony presented,[3] it is therefore the findings of this Court that the Defendant failed to report to the probation office, failed to pay supervision fees and failed to pay court ordered monies, all of which are violations of the conditions of Defendant's probation. Therefore, it is hereby
"ORDERED that the Defendant's probation is due to be and is hereby revoked and Defendant is committed to the custody of the Director of the Alabama Department of Corrections to serve the balance of his original Three (3) year sentence. Defendant to be given credit for any time served on this case."
(C. 5.) Wallace filed a notice of appeal on March 7, 2007.
On appeal, Wallace contends that the trial court erred in revoking his probation without affording him a probation-revocation hearing. Specifically, he argues that the proceeding that occurred on February 15, 2007, at which he was not allowed to be heard or to present any evidence and at which no testimony or evidence was presented, was not sufficient to constitute a probation-revocation hearing as required by § 15-22-54, Ala.Code 1975. We agree.
In Hollins v. State, 737 So.2d 1056 (Ala. Crim.App.1998), this Court explained:
"Section 15-22-54, Ala.Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional. Story v. State, 572 So.2d 510 (Ala.Cr.App.1990). Additionally, the appellant was denied his constitutional right to due process by the revocation of his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfinders as to the evidence relied on and the reasons for revoking probation. Rule *800 27.5 and 27.6, Ala.R.Crim.P. See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Hernandez v. State, 673 So.2d 477 (Ala.Cr.App.1995)."
737 So.2d at 1057. See also Rule 27.6, Ala.R.Crim.P. Moreover, as this Court noted in addressing a similar issue in D.L.B. v. State, 941 So.2d 324 (Ala.Crim.App. 2006):
"Although the July 13, 2005, hearing purported to be a probation-revocation hearing, the court announced that it was revoking D.L.B.'s probation without hearing testimony from any State's witnesses and without allowing D.L.B. an opportunity to be heard. Because the circuit court revoked D.L.B.'s probation based on the representations of the prosecutor, rather than on evidence presented to the court in the form of witness testimony or other legal evidence, D.L.B. was denied the right to a hearing where he could be heard and present witnesses and documentary evidence and where he could confront and cross-examine adverse witnesses.... Finally, the record does not indicate that D.L.B. waived his right to a revocation hearing pursuant to Rule 27.5(b), Ala.R.Crim.P.... Accordingly, we reverse the circuit court's judgment and remand this case to that court for proceedings consistent with this opinion."
941 So.2d at 326. See also Young v. State, 889 So.2d 55 (Ala.Crim.App.2004) (trial court's actions in revoking the defendant's probation on previous conviction during the trial of the defendant on other charges did not constitute a probation-revocation hearing); and Zackery v. State, 832 So.2d 672, 674 (Ala.Crim.App.2001) ("[W]e cannot find that this two-minute exchange between the trial court, the prosecutor, and Zackery's probation officer can be classified as a probation-revocation hearing.").
Here, as in D.L.B., Young, and Zackery, we cannot say that the proceeding on February 15, 2007, constituted a probation-revocation hearing. That proceeding consisted solely of a single statement by the trial court revoking Wallace's probation, without hearing any testimony or taking any evidence and without affording Wallace an opportunity to be heard. As the Alabama Supreme Court noted in Ex parte Anderson, [Ms. 1061004, January 25, 2008] ___ So.2d ___, ___ (Ala.2008): "`A hearing ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue (in person or by counsel) as to the inferences flowing from the evidence.'" (quoting Fiorella v. State, 40 Ala.App. 587, 590, 121 So.2d 875, 878 (1960)). In addition, there is no indication in the record that Wallace waived his right to a hearing. To the contrary, it can be reasonably inferred from the trial court's December 18, 2006, order on Wallace's initial appearance, which set a date for a revocation hearing, that Wallace did not waive that right. Based on the record before us, we conclude that Wallace was denied his right to a probation-revocation hearing at which he could be heard and present evidence and testimony on his own behalf and at which he could confront and cross-examine adverse witnesses. Therefore, we have no choice but to reverse the trial court's revocation of Wallace's probation and remand this cause for the trial court to conduct a probation-revocation hearing in accordance with § 15-22-54, Ala.Code 1975, and Rule 27.6, Ala.R.Crim.P.
Based on the foregoing, the judgment of the trial court is reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
*801 McMILLAN and WELCH, JJ., concur.
BASCHAB, P.J., dissents, with opinion, which WISE, J., joins.
BASCHAB, Presiding Judge, dissenting.
I agree with the majority's conclusion that the transcribed proceeding from February 15, 2007, standing alone, was not adequate to constitute a probation revocation hearing. The record is not adequate to determine whether the circuit court actually conducted a revocation hearing. Therefore, I disagree with the majority's conclusion that the appellant was actually denied the right to a probation revocation hearing and that this case should be reversed and remanded. Accordingly, I must respectfully dissent.
Initially, I disagree with the majority's statement that "[t]he court reporter's certification indicates that this single statement by the trial court was the entire revocation `hearing' held on February 15, 2007, and that no additional revocation hearing was held in this case that was not transcribed." 992 So.2d at 799 n. 2. Rather, it appears that the court reporter actually certified that the transcript was all of the proceedings that had been reported by her. The court reporter's certification does not preclude the possibility that the circuit court might have conducted additional proceedings that were not transcribed. Also, the record indicates that the circuit court conducted an initial appearance. Because there is no transcript of that proceeding, we have no way to determine whether the appellant admitted the alleged probation violations during that proceeding and whether the February 15, 2007, hearing was merely a dispositional hearing.
Further, in its written revocation order, the circuit court stated that it had set a hearing for February 15, 2007; that the appellant had appeared for the hearing; that the appellant had admitted the allegations regarding the probation violation; and that, based upon the testimony presented, it found that the appellant had committed various probation violations. I agree that the transcribed proceeding from February 15, 2007, does not support the circuit court's findings. Nevertheless, because there is a conflict between the transcribed proceedings and the circuit court's written revocation order, we should remand this case for the circuit court to make specific findings of fact as to whether it conducted any other proceedings.
WISE, J., concurs.
NOTES
[1] The order is a preprinted form order.
[2] We note this because the State argues in its brief that "[w]hile the [probation-revocation] hearing may not have been transcribed by the court reporter, nonetheless one was held." (State's brief at p. 4.) The court reporter's certification indicates that this single statement by the trial court was the entire revocation "hearing" held on February 15, 2007, and that no additional revocation hearing was held in this case that was not transcribed.
[3] We note that the record does not support this statement. The transcript of the February 15, 2007, proceeding, as quoted above, clearly shows that no testimony was presented to the trial court and that Wallace did not admit to the alleged probation violations.