WISE, Presiding Judge.
 

 On March 9, 2005, the appellant, Ideal Rhodes, was convicted of unlawful distribution of a controlled substance. The trial court sentenced him to serve a term of twenty years in prison, but suspended the sentence and ordered him to serve five years on supervised probation. On February 6, 2008, Rhodes’s probation officer filed an “Officer’s Report on Delinquent Probationer.” After conducting a hearing on April 21, 2008, the circuit court revoked his probation. This appeal followed.
 

 I.
 

 Rhodes argues that the hearing conducted on April 21, 2008, did not constitute a revocation hearing. (Issue I in Rhodes’s brief.) Specifically, he contends that the record does not indicate that his probation officer was sworn during the revocation proceedings; that his probation officer’s statements were not made under oath; and that, for this reason, the hearing did not constitute an actual revocation hearing.
 

 
 *55
 
 “‘A hearing ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue (in person or by counsel) as to the inferences flowing from the evidence.’
 
 Fiorella v. State,
 
 40 Ala.App. 587, 590, 121 So.2d 875, 878 (1960).”
 

 Ex parte Anderson,
 
 999 So.2d 575, 578 (Ala.2008).
 

 In support of his argument, Rhodes relies on this court’s holding in
 
 D.L.B. v. State,
 
 941 So.2d 324 (Ala.Crim.App.2006). In
 
 D.L.B.,
 
 the following occurred:
 

 “A revocation hearing was scheduled for June 28, 2005; the hearing was reset for July 6, 2005. When the arresting officers did not appear for the July 6 hearing, the hearing was reset yet again, this time for July 13, 2005. A brief hearing was held on July 13, 2005. Present before the court were D.L.B. and his counsel, the prosecuting attorney, and one of the arresting officers. After hearing argument from the prosecutor and defense counsel, the circuit court revoked D.L.B.’s probation. No testimony was taken at the hearing, after the State conceded that the officer present for the hearing could not ‘actually place the drugs’ and that the other arresting officer — the one who actually found the drugs — was on vacation. The court noted that it was revoking D.L.B.’s probation based on the State’s representation (R. 6). The court advised defense counsel: ‘Mr. Byrd, if you want to file a reconsideration and ask for a hearing, I will certainly reconsider. But as far as I am concerned, [D.L.B.] stays with the State at this point. He is in custody.’ (R. 6-7.) Defense counsel acknowledged the court’s action, stating: ‘For the record, Judge, I renew my position that you can’t do this [revoke D.L.B.’s probation] without a hearing. The State has had two tries at the hearing and they’re not going forward with the evidence, just representations.’ (R. 7.)
 

 “The court noted in its revocation order that since beginning his probation, D.L.B. had been arrested for unlawful possession of a controlled substance and for distribution of a controlled substance. The court stated that it was ‘reasonably satisfied from said evidence that [D.L.B.] did violate the terms and conditions of his probation by committing the violations set out above.’ (C. 10.) This appeal followed.
 

 “D.L.B. argues that the circuit court erroneously revoked his probation without first conducting a revocation hearing. Specifically, D.L.B. argues that the July 13, 2005, hearing, at which no witnesses testified and no evidence was presented, is insufficient to comply with the requirements of § 15-22-54, Ala. Code 1975. We agree.
 

 “In
 
 Hollins v. State,
 
 737 So.2d 1056, 1057 (Ala.Crim.App.1998), this Court held:
 

 “ ‘Section 15-22-54, Ala.Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional.
 
 Story v. State,
 
 572 So.2d 510 (Ala.Cr.App.1990). Additionally, the appellant was denied his constitutional right to due process by the revocation of his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body
 
 *56
 
 such as a traditional parole board, and a written statement by the factfinders as to the evidence relied on and the reasons for revoking probation. Rule 27.5 and 27.6, Ala. R.Crim. P. See
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975);
 
 Hernandez v. State,
 
 673 So.2d 477 (Ala.Cr.App.1995).’
 

 “Quoted with approval in
 
 Young v. State,
 
 889 So.2d 55, 56 (Ala.Crim.App.2004);
 
 Zackery v. State,
 
 832 So.2d 672, 673 (Ala.Crim.App.2001);
 
 Phillips v. State,
 
 755 So.2d 63, 65 (Ala.Crim.App.1999).
 

 “Although the July 13, 2005, hearing purported to be a probation-revocation hearing, the court announced that it was revoking D.L.B.’s probation without hearing testimony from any State’s witnesses and without allowing D.L.B. an opportunity to be heard. Because the circuit court revoked D.L.B.’s probation based on the representations of the prosecutor, rather than on evidence presented to the court in the form of witness testimony or other legal evidence, D.L.B. was denied the right to a hearing where he could be heard and present witnesses and documentary evidence and where he could confront and cross-examine adverse witnesses. Also, defense counsel’s comments indicate that he was not aware of one of the grounds for revocation cited by the court in its written order, namely D.L.B.’s July 7, 2005, arrest and subsequent indictment for distribution of cocaine. Finally, the record does not indicate that D.L.B. waived his right to a revocation hearing pursuant to Rule 27.5(b), Ala. R.Crim. P. Indeed, counsel made it clear on several occasions that D.L.B. wished to have a formal revocation hearing.”
 

 941 So.2d at 325-26.
 

 During the hearing in this case, the following occurred:
 

 “THE COURT: Okay. Mr. Rhodes, it says here you failed to report. Does he admit or deny that, [defense counsel]?
 

 “[DEFENSE COUNSEL]: Well, Judge, Mr. Rhodes’ position is that he had served a year with Community Corrections. And when he was released, he went to the probation officer and they told him — I know the report from Mr. Devane says he’s supposed to report the next day. Mr. Rhodes claims that he thought he was supposed to report the next month in March. And that is why — if he didn’t report for February, that is reason. It was just a misunderstanding, Judge, on his part that he thought he was supposed to report in March.
 

 “THE COURT: Mr. Devane.
 

 “MR. DEVANE: Judge, you revoked him previously and sent him to Community Corrections. And when he was released there, he reported to the office. The secretary told him I wasn’t in and for him to contact me again. He never contacted me. I went to the address listed and same as the time he was revoked before, no response from that address and no phone number. So we got a warrant for him and he’s back again.
 

 “THE DEFENDANT: Your Honor, may I speak in my behalf?
 

 “THE COURT: Go ahead.
 

 “THE DEFENDANT: On January the 28th when I was released from Community Corrections, I did, in fact, went to the probation officer and reported. The secretary took my release form and made a copy showing that I did do as required and also let me know that Mr. Devane was not in his office. Now, since January 28th was the end of the month or the beginning of February, I wasn’t thinking three days, you know,
 
 *57
 
 the next month. I was thinking thirty days, the following month, you know, to report. Now, please forgive me that I wasn’t able to see Mr. Devane on the day which I did report and was given the opportunity to be—
 

 “MR. DEVANE: The secretary told him to contact me to set up an appointment. And he never called me back.
 

 “THE DEFENDANT: Excuse me. Would you look in my pocket?
 

 “MR. DEVANE: Judge, he’s been on probation before. He knows the rules. He knows he is supposed to report and be instructed.
 

 “THE DEFENDANT: I’m quite sure if I had seen you on that date, we probably wouldn’t be here today.
 

 “MR. DEVANE: And if you had called me a day or two later, we wouldn’t be here today.
 

 “THE DEFENDANT: Judge, that is my release form. And she did make a copy that I reported on January the 28th. He violated me, you know, I had an arrest warrant on me on the 25th of the following month. I wasn’t trying to report. But I did report when I was so released from Community Corrections. And I would like to receive the probation that you granted me.
 

 “THE COURT: Okay. Probation is revoked.”
 

 (C.R. 4-6.)
 

 Unlike in
 
 D.L.B.,
 
 the circuit court did not revoke Rhodes’s probation based solely on the representations of the prosecutor and defense counsel. Rather, Rhodes’s probation officer personally addressed the court and responded to the assertions by defense counsel and Rhodes. Further, Rhodes was afforded an opportunity to address the court and explain why his probation should not be revoked. Therefore, the April 21, 2008, hearing constituted a revocation hearing, and his argument is without merit.
 

 II.
 

 Rhodes also argues that the State did not present sufficient evidence to support the revocation of his probation and that the circuit court abused its discretion when it revoked his probation. (Issues III and IV in Rhodes’s brief.) However, he did not present these arguments to the circuit court. Therefore, they are not properly before this court.
 
 See Puckett v. State,
 
 680 So.2d 980 (Ala.Crim.App.1996) (holding that general rules of preservation apply in probation revocation proceedings).
 

 III.
 

 Finally, Rhodes argues that the circuit court did not enter a written order in which it stated the evidence upon which it relied and its reasons for revoking his probation. (Issue II in Rhodes’s brief.) The State concedes that the circuit court’s order did not comply with the provisions of Rule 27.6(f), Ala. R.Crim. P., and asks this court to remand this case for the circuit court to enter a new written revocation order.
 

 “It follows that the requirement of
 
 Wyatt [v. State,
 
 608 So.2d 762 (Ala.1992),] and its associated cases — that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record — is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f)[, Ala. R.Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that ‘oral findings, if recorded or transcribed, can satisfy the requirements of
 
 Morrissey [v. Brewer,
 
 408 U.S. 471, 92
 
 *58
 
 S.Ct. 2593, 33 L.Ed.2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.’
 
 [United States v.J Copeland,
 
 20 F.3d [412,] 414 [ (11th Cir.1994) ].
 

 “We hasten to note that our holding in this case does not diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.
 
 The requirements of
 
 Wyatt
 
 will still he fully applicable in those situations where the record, for lack of transcription of the revocation hearing or for some other reason, fails to clearly and unambiguously set forth the reasons for the revocation and the evidence that supported those reasons.
 
 Thus, the requirements of
 
 Wyatt
 
 are fully applicable to the trial court’s order of revocation where the record fails to comply with Rule 27.6(f).”
 

 McCoo v. State,
 
 921 So.2d 450, 462-63 (Ala.2005) (emphasis added).
 

 “In order to meet the requirements of Rule 27.6(f), as well as those of constitutional due process, it is ‘the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.’
 
 McCoo,
 
 921 So.2d at 462 (emphasis added).”
 

 Ex parte Garlington,
 
 998 So.2d 458, 458-59 (Ala.2008).
 

 During the revocation hearing and in its written order on the case action summary sheet, the circuit court merely stated, “Probation is revoked.” (C.R. 2, 9; R. 6.) Neither the order nor the case action summary sheet included an affirmative statement that adequately set forth the evidence upon which the circuit court relied and its reasons for revoking Rhodes’s probation. Accordingly, we must remand this case to the circuit court with instructions that it enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking Rhodes’s probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 35 days after the release of this opinion.
 

 REMANDED WITH INSTRUCTIONS.
 
 *
 

 WELCH, WINDOM, and KELLUM, JJ., concur.
 

 *
 

 Note from the reporter of decisions: On May 22, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On July 24, 2009, that court denied rehearing, without opinion. On September 11, 2009, the Supreme Court denied certiorari review, without opinion (1081486).