KELLUM, Judge.
 

 The appellant, Charles Anthony Pearson, appeals from the circuit court’s summary denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. In May 2003, Pearson pleaded guilty to two counts of receiving stolen property in the first degree, two counts of burglary in the third degree and one count each of theft of property in the first degree and theft of property in the second degree. He was sentenced 15 years’ imprisonment; that sentence was split and he was ordered to serve 3 years’ imprisonment, followed by probation.
 
 [1]
 
 Sometime in March 2005, Pearson was placed on probation. In June 2006, while on probation, Pearson was convicted of receiving stolen property in the second degree, a violation of § 13A-8-18(a)(1), Ala.Code 1975, and assault in the second degree, a violation of § 13A-6-21(a)(4), Ala.Code 1975; at his July 2006 sentencing hearing, he was sentenced to two consecutive terms of life imprisonment.
 
 [2]
 

 On January 9, 2007, Pearson filed this, his first Rule 32 petition, in which he alleged that he was denied procedural due process during the probation-revocation proceedings. See Rule 27, Ala. R.Crim. P.;
 
 Morrissey v. Brewer,
 
 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972);
 
 Gagnon v. Scarpelli,
 
 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); and
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975). Specifically, Pearson alleged that the circuit court revoked his probation while sentencing him on new charges of second-degree receiving stolen property and second-degree assault without holding a probation-revocation hearing, thus circumventing his procedural-due-process rights. On February 28, 2007, the State filed a response to Pearson’s Rule 32 petition in which it alleged that Pearson had failed to state any grounds for relief in his Rule 32 petition; that, regardless of his failure to allege proper grounds for relief, Pearson had received notice of the State’s motion to revoke probation and notice of the probation-revocation hearing; and that Pearson’s Rule 32 petition was due to be denied under Rule 32.3, Ala. R.Crim. P., because he had not sufficiently pleaded his claims. The circuit court entered an order summarily denying Pearson’s petition. This appeal followed.
 

 On appeal, Pearson contends, as he did in his Rule 32 petition, that his due-process rights were violated when the circuit court revoked his probation without conducting a probation-revocation hearing.
 
 [3]
 

 In
 
 Hollins v. State,
 
 737 So.2d 1056, 1057 (Ala.Crim.App.1998), this court held:
 

 
 *822
 
 “Section 15-22-54, Ala.Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional.
 
 Story v. State,
 
 572 So.2d 510 (Ala.Cr.App.1990). Additionally, the appellant was denied his constitutional right to due process by the revocation of his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfin-der as to the evidence relied on and the reasons for revoking probation. Rule 27.5 and 27.6, Ala. R.Crim. P. See
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975);
 
 Hernandez v. State,
 
 673 So.2d 477 (Ala.Cr.App.1995).”
 

 It is well settled that the failure to conduct a probation-revocation hearing without a valid waiver of the hearing pursuant to Rule 27.5(b), Ala. R.Crim. P., is a jurisdictional defect. See
 
 D.L.B. v. State,
 
 941 So.2d 324 (Ala.Crim.App.2006);
 
 Henderson v. State,
 
 933 So.2d 395 (Ala.Crim.App.2004);
 
 Young v. State,
 
 889 So.2d 55 (Ala.Crim.App.2004);
 
 Zackery v. State,
 
 832 So.2d 672 (Ala.Crim.App.2001);
 
 Phillips v. State,
 
 755 So.2d 63 (Ala.Crim.App.1999); and
 
 Hollins v. State,
 
 supra. Therefore, Pearson has raised a jurisdictional claim that is not subject to the procedural bars set forth in Rule 32.
 

 Moreover, contrary to the State’s contention, Pearson pleaded the claim in his petition with sufficient specificity to satisfy the requirements of Rule 32.3 and Rule 32.6(b). In his Rule 32 petition, Pearson refers to specific pages and lines in the transcript of his sentencing hearing in support of his claim that the circuit court failed to conduct a probation-revocation hearing. We have taken judicial notice of the transcript of the sentencing hearing Pearson refers to in his Rule 32 petition. See
 
 Nettles v. State,
 
 731 So.2d 626 (Ala.Crim.App.1998) (this Court may take judicial notice of its own records). The transcript of the sentencing healing indicates that the circuit court inquired whether Pearson was on probation, then, following a short sentencing hearing on the new charges, revoked Pearson’s probation, reinstated his earlier sentence, and sentenced Pearson on the new charges. The record does not indicate that Pearson waived his right to a revocation hearing pursuant to Rule 27.5(b), Ala. R.Crim. P. Because Pearson’s claim is jurisdictional and is sufficiently pleaded, Pearson is entitled to an opportunity to prove his claim. See
 
 Ford v. State,
 
 831 So.2d 641, 644 (Ala.Crim.App.2001) (“Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala. R.Crim. P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.”).
 

 Accordingly, we remand this case for the circuit court to allow Pearson the opportunity to present evidence to support his claim that no probation-revocation hearing was held and that, therefore, the circuit court lacked jurisdiction to revoke his probation. The court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala. R.Crim. P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Pearson’s claim. If the court determines that Pearson’s probation
 
 *823
 
 was revoked without a revocation hearing or a valid waiver thereof, it shall grant Pearson’s Rule 32 petition and order new revocation proceedings. If the court determines that Pearson was afforded a revocation hearing or that he validly waived his right to such a hearing, it shall so state in a written order. Due return shall be filed within 42 days of the date of this opinion and shall include the circuit court’s written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received or relied on by the court in making its findings.
 

 We note that our decision should not be interpreted as a decision regarding the merits of the revocation of Pearson’s probation.
 

 REMANDED WITH DIRECTIONS.
 

 WISE, P.J., and WELCH and WINDOM, JJ., concur.
 

 [1]
 

 . Pearson did not appeal these convictions.
 

 [2]
 

 . Pearson appealed the receiving-stolen-property conviction and the second-degree-assault conviction; this court affirmed Pearson’s convictions and sentences by unpublished memorandum.
 
 Pearson v. State
 
 (CR-05-2118), 2 So.3d 941 (Ala.Crim.App.2006) (table). A certificate of judgment was issued on January 3, 2007.
 

 [3]
 

 . We note that Pearson also contends for the first time on appeal that the revocation order entered by the circuit court was not adequate. However, Pearson's challenge to the adequacy of the circuit court’s revocation order is not a jurisdictional defect.
 
 Durry v. State,
 
 977 So.2d 539 (Ala.Crim.App.2007). Accordingly, Pearson’s failure to include this claim in his petition forecloses our review of the claim on appeal. See
 
 Arrington v. State,
 
 716 So.2d 237, 239 (Ala.Crim.App.1997) ("An appellant cannot raise an issue from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.”).