The appellant, Robert Wesley Croshon, was charged with robbery in the first degree. *Page 294 
On March 27, 2006, he entered a plea of guilty to the lesser charge of attempted theft of property in the first degree. The trial court sentenced him to 15 years' imprisonment; the sentence was split, with confinement for the 251 days he had already spent in jail and the balance of the sentence suspended, pending Croshon's good behavior for 5 years.[1] The suspension was to be made permanent at the expiration of the five-year "good behavior" period. The court then placed Croshon on formal probation and advised him that "as a condition of his probation he will be periodically drug tested and the first time he checks positive for drugs — he will go to the Penitentiary."
On April 19, 2006, Croshon's probation officer filed a delinquency report, charging that Croshon had failed to avoid injurious or vicious habits because he had tested positive for cocaine in a drug screening. At a revocation hearing on June 30, 2006, Croshon's counsel stipulated that the result of the drug test was positive but argued that probation should not be revoked because the necessary forms had not been completed before the violation occurred. The trial court found that Croshon had been fully advised of the terms and conditions of his probation and that, by testing positive for drugs, he had failed to comply with these terms and conditions. The court then revoked his probation and remanded him to the Department of Corrections to serve his sentence.
 I.
Croshon contends that the trial court could not revoke his probation because, he argued, he was not effectively placed on probation in this case. He argues that he was not provided with a copy of the written order of probation and that his probation officer did not explain the conditions and regulations of probation to him, as required by Rule 27.1, Ala. R.Crim. P. The State concedes that the new offense occurred before Croshon's probation officer was able to review the standard probation form with him and have him sign it but argues that, based on the trial court's order and Croshon's experience with the legal system, this omission was harmless error.
The present case is essentially similar to Wilcox v.State, 395 So.2d 1054 (Ala. 1981), in which the Alabama Supreme Court upheld a revocation of probation based on the defendant's committing a new offense before any formal conditions of probation had been presented to or accepted by him. On October 27, 1978, Wilcox was sentenced to a five-year "split" sentence, with one year to be served in the county jail and four years in the state penal institution. The court suspended the four-year portion of the sentence, conditioned on Wilcox's serving a probationary period of five years. On October 27, 1979, the court signed the order of probation, and Wilcox was released from jail. On November 30, 1979, the court learned that Wilcox had just been convicted of a grand larceny offense that he apparently committed while he was attending a drug-rehabilitation center during his one-year jail term. The court revoked Wilcox's probation, and the Alabama Supreme Court upheld the revocation:
 "We hold, therefore, that where, as here, Defendant commits a felony while under a probationary sentence, although prior to the effective date of the probationary portion of the sentence, and its terms and conditions are not yet expressly prescribed, the sentencing court *Page 295 
is nevertheless authorized to revoke Defendant's probation for violation of a condition implicit in every suspended or probationary sentence: that Defendant, while under such sentence, will not commit another criminal offense. In other words, the trial court did not err in finding that Defendant violated an implied condition of his probation when he committed the offense of grand larceny in Madison County."
395 So.2d at 1056.
The revocation of Croshon's probation was proper because, even though Croshon had not yet been given the express terms of his probation, refraining from committing further criminal offenses is an implied condition of every probationary sentence.
 II.
Croshon contends that the trial court also erred in failing to grant him an initial appearance after he was arrested for the alleged violation, as required by Rule 27.5(a), Ala. R.Crim. P. We cannot consider this argument, however, because Croshon did not object on this ground at the trial court level.
The general rules of preservation apply to probation-revocation proceedings. Puckett v. State, 680 So.2d 980
(Ala.Crim.App. 1996). This court has recognized only three exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written or oral order of revocation, McCoo v.State, 921 So.2d 450 (Ala. 2005); (2) the requirement that a revocation hearing actually be held, Puckett v. State,680 So.2d 980 (Ala.Crim.App. 1996); and (3) the requirement that the court advise the probationer of his right to request an attorney, Law v. State, 778 So.2d 249
(Ala.Crim.App. 2000). Because Croshon's argument was not preserved and it is not within one of the exceptions, it is waived on appeal.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
SHAW, WISE, and WELCH, JJ., concur; BASCHAB, P.J., concurs in the result.
[1] The court ordered the sentence to run concurrently with Croshon's sentence in another case, case no. CC-2001-3609.70.