KELLUM, Judge.
 

 The appellant, Kevin Saffold, appeals from the circuit court’s revocation of his probation. The record indicates that in September 2009 Saffold was convicted of theft of property in the first degree. The circuit court sentenced Saffold to 20 years’ imprisonment; the sentence was split, and he was ordered to serve 3 years’ imprisonment, with the balance suspended, and was placed on supervised probation for 3 years. The court ordered Saffold to pay a total of $19,155.64 in various court-ordered moneys.
 

 On August 18, 2010, the State filed a motion seeking to revoke Saffold’s probation based on the ground that Saffold had been charged with new criminal offense, namely, three counts of possession of a forged instrument in the second degree and one count of possession of a forgery device. The State also sought to revoke Saffold’s probation based on his failure to pay court-ordered moneys. On October 28, 2010, the circuit court conducted a brief hearing at which Saffold, defense counsel, and the State were present. At the conclusion of that hearing, the circuit court entered an order revoking Saffold’s probation. This appeal followed.
 

 On appeal, Saffold contends (1) that the circuit court erroneously revoked his probation without first conducting a revocation hearing, and (2) that the circuit court’s order revoking his probation is deficient
 
 *179
 
 because, Saffold says, it did not adequately set forth the specific evidence relied on or the specific reasons for revoking his probation as required by Rule 27.6(b), Ala. R.Crim. P.
 

 “ ‘The general rules of preservation apply to probation revocation hearings.
 
 Puckett v. State,
 
 680 So.2d 980, 988 (Ala.Crim.App.1996), citing
 
 Taylor v. State,
 
 600 So.2d 1080, 1081 (Ala.Crim.App.1992). This Court “has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation ..., and (2) the requirement that a revocation hearing actually be held.”
 
 Puckett,
 
 680 So.2d at 983.’ ”
 

 Bauer v. State,
 
 891 So.2d 1004, 1006 (Ala.Crim.App.2004) (quoting
 
 Owens v. State,
 
 728 So.2d 673, 680 (Ala.Crim.App.1998)). This court has also recognized a third exception that a defendant can raise for the first time on appeal — the requirement that the court advise the defendant of his or her right to request an attorney to represent the defendant during probation-revocation proceedings.
 
 See Law v. State,
 
 778 So.2d 249, 250 (Ala.Crim.App.2000). A fourth exception to the preservation rule recently announced by our Supreme Court also allows a defendant to raise for the first time on appeal the allegation that the circuit court erred in failing to appoint counsel to represent the defendant during probation-revocation proceedings.
 
 See Dean v. State,
 
 57 So.3d 169 (Ala.2010).
 

 Saffold challenged the sufficiency of the probation-revocation hearing and the adequacy of the circuit court’s probation-revocation order for the first time on appeal. However, the issues fall within one of the four exceptions to the general-preservation requirement; they are, therefore, properly before this court for review.
 

 Regarding his contention that the circuit court failed to conduct a probation-revocation hearing, Saffold specifically argues that the hearing conducted on October 28, 2010, at which the State presented no witnesses and Saffold was not allowed an opportunity to be heard on the alleged violations, was not sufficient to constitute a probation-revocation hearing as required by § 15-22-24, Ala.Code 1975.
 

 In
 
 Hollins v. State,
 
 737 So.2d 1056, 1057 (Ala.Crim.App.1998), this court held:
 

 “Section 15-22-54, Ala.Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional.
 
 Story v. State,
 
 572 So.2d 510 (Ala.Cr.App.1990). Additionally, the appellant was denied his constitutional right to due process by the revocation of his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfin-der as to the evidence relied on and the reasons for revoking probation. Rule 27.5 and 27.6, Ala. R.Crim. P. See
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975);
 
 Hernandez v. State,
 
 673 So.2d 477 (Ala.Cr.App.1995).”
 

 At the October 28, 2010, hearing, the following discussion occurred:
 

 “[DEFENSE COUNSEL]: Your Honor, this is Mr. Saffold. I believe the key reason for filing to revoke his proba
 
 *180
 
 tion was new charges in Dale County. Your Honor, it is my understanding he has not even been indicted on those charges. And he asserts his innocence on those charges.
 

 “THE COURT: Position of the State?
 

 “[PROSECUTOR]: Judge, the position of the State is that the defendant going back to 1985 has been in one manner or another for the offenses he’s been charged with new offenses. If the Court is not going to revoke him today, I would ask he be held pending revocation on disposition of those cases. We would certainly ask that he not be released.
 

 “Certainly, if he’s been charged with those — I don’t know the status of them as to whether or not there is an indictment yet or not. But on the presumption that he is going to be prosecuted on those — this is just another saga in a twenty-five year history of Mr. Saffold being before this Court. He’s obviously not getting the message by probation. The State would ask that it be revoked.
 

 “[DEFENSE COUNSEL]: Well, Your Honor, [Saffold] does have a history. And the legal system has taken charge or he has paid his debt to society through whatever orders that the legal system prior to this has initiated or has ordered. They are asking that his probation be revoked. Judge, on charges that he has not even been indicted on. And I honestly don’t know what the speed — and [the prosecutor] would probably know better than I do how quickly cases move in Dale County. I don’t think he should be held hostage to that type of speed. He made bond. Your Honor, on those other cases. He’s not going to run anywhere.
 

 “THE COURT: He’s not paid any court-ordered monies, has he?
 

 “[DEFENSE COUNSEL]: Sir?
 

 “THE COURT: He’s not paid any Court-ordered monies. Able to pay bond, but not pay any court-ordered monies.
 

 “[SAFFOLD]: May I Speak, Judge?
 

 “THE COURT: You can consult with your counsel. If you desire to speak, you may.
 

 “[SAFFOLD]: I was released on March 30, 2010. And I reported these months since I have been out, and ever since I’ve been re-sentenced by the Court. I was paying thirty dollars a month on the restitution. The fine was set at one hundred dollars a month.
 

 “Now, I couldn’t necessarily afford to pay the one hundred dollars a month. And I didn’t pay for the bonding fee. My family came together and made the arrangements with the bonding company. And they are paying payments as we speak.
 

 “I’ve been on bond many times. Even though I’ve been in trouble many times, I’ve never failed to do what the Court has asked me to do on bond. I’ve bonded out for a half million dollars and came back and went to trial on the case. So there is nothing in my court to say I won’t conform with the Court’s condition.
 

 “And, again, this charge I’m being held for, I’ve made bond on it. And I intend to go to court and prove my innocence.
 

 “THE COURT: So you made bond on the charges in Dale County?
 

 “[SAFFOLD]: Yes, sir.
 

 “[DEFENSE COUNSEL]: Your Honor, if the Court remembers, he served a three-year split.
 

 “THE COURT: He’s made bond on charges in Dale County. Did you hear that, [counsel for the defense]?
 

 
 *181
 
 “[DEFENSE COUNSEL]: Yes, Sir, I’m aware of that.
 

 “THE COURT: Does that change your position before the Court?
 

 “[DEFENSE COUNSEL]: Judge, as his attorney, it does not change my position.
 

 THE COURT: It doesn’t. Well, you said he hasn’t been indicted.
 

 “[DEFENSE COUNSEL]: He’s not been indicted.
 

 “[SAFFOLD]: I was arrested on the charges, Judge, and I posted bond in order to come down here and have this case resolved. I could have stayed in Dale County Jail. But I wanted to come down here and address the issue.
 

 “THE COURT: You were in Dale County jail until you posted the bond and then you wanted to come here and answer this?
 

 “[SAFFOLD]: Yes, sir, that is correct. But the Court there also took into consideration my previous history. They took into consideration I had this probation. And that is probably why he lowered the bond from sixty thousand down to ten thousand, so I would be able to make bond. But all these things was addressed in the bond hearing in Dale County about my previous history.
 

 “All I’m asking for is the presumption of innocence until proven guilty is what I am asking. And I have personal dealings with the Probate Court, things that I am required to tend to on the outside. In other words, I have a plan that I need to pursue.
 

 [[Image here]]
 

 “THE COURT: I know something about probate procedures, and it is not necessary for you to be present at the hearing for the Probate Judge to adjudicate your property interest in [an estate].
 

 [[Image here]]
 

 “[SAFFOLD]: Well, I mean, I’ve been served notice. And I responded saying I wanted to be there to protect my interest, because I have people trying to get me to forfeit that.
 

 “THE COURT: I’m not going to consider that. It is not necessary. Judge Cooley is going to protect your interest if your interest is valid subject to any the claims of the estate. That is not acceptable.
 

 “[SAFFOLD]: I just mentioned that to say I have ties in the community and I intend to be here for the duration of the proceedings.
 

 “THE COURT: Well, you will be, because I’m going to keep you in the Houston County jail pending formal notification from Dale County as to whether or not you are going to be indicted on those charges. As soon as we hear from that, if you are indicted on those charges, then, you’ll be released to Dale County and they can bond you out if they choose.
 

 “[SAFFOLD]: Excuse me, Judge, if you don’t mind. I wanted to—
 

 “THE COURT: No. Step back. Officer, put him in the box.”
 

 (R. 3-9.)
 

 “ ‘A hearing ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue (in person or by counsel) as to the inferences flowing from the evidence.’
 
 Fiorella v. State,
 
 40 Ala.App. 587, 590, 121 So.2d 875, 878 (1960).”
 
 Ex parte Anderson,
 
 999 So.2d 575, 578 (Ala.2008).
 

 In
 
 D.L.B. v. State,
 
 941 So.2d 324 (Ala.Crim.App.2006), this court addressed a similar issue in which the defendant challenged whether he had received a probation-revocation hearing. In
 
 D.L.B.,
 
 the
 
 *182
 
 defendant, while on probation, was arrested on new criminal charges. The circuit court conducted a brief hearing at which it heard arguments from both defense counsel and the prosecutor. At the conclusion of the hearing, the circuit court revoked the defendant’s probation based on the argument presented by the State.
 
 D.L.B.,
 
 941 So.2d at 325. The defendant appealed, arguing that the circuit court erroneously revoked his probation without first conducting a probation-revocation hearing that complied with § 15-22-54, Ala.Code 1975. This court agreed and reversed the judgment of the circuit court, holding:
 

 “Although the July 13, 2005, hearing purported to be a probation-revocation hearing, the court announced that it was revoking D.L.B.’s probation without hearing testimony from any State’s witnesses and without allowing D.L.B. an opportunity to be heard. Because the circuit court revoked D.L.B.’s probation based on the representations of the prosecutor, rather than on evidence presented to the court in the form of witness testimony or other legal evidence, D.L.B. was denied the right to a hearing where he could be heard and present witnesses and documentary evidence and where he could confront and cross-examine adverse witnesses.”
 

 D.L.B.,
 
 941 So.2d at 326.
 

 In the instant case, as in
 
 D.L.B.,
 
 we cannot say that the proceeding held on October 28, 2010, constituted a probation-revocation hearing. The prosecutor represented that Saffold had been arrested on new charges but called no witnesses to testify and presented no other evidence regarding the new charges against Saffold. Saffold was not afforded an opportunity to confront and to cross-examine adverse witnesses after he denied committing the new offenses because the State presented none. Although, unlike the defendant in
 
 D.L.B.,
 
 Saffold was in fact afforded an opportunity to be heard, we question whether Saffold was fully afforded an opportunity to adduce proof by way of witness testimony and documentary evidence that he did not commit the new charges and had not violated the terms and conditions of his probation. The transcript of the proceedings indicates that Saffold’s opportunity to be heard was cut short when the circuit court interrupted him and ordered an officer in the court to “put [Saffold] in the box.” The record indicates that the proceedings ended at that point. Therefore, we must conclude that Saffold was denied his right to a probation-revocation hearing. Accordingly, we reverse the circuit court’s revocation of Saffold’s probation and remand this case for the circuit court to conduct a probation-revocation hearing in accordance with § 15-22-54, Ala.Code 1975, and Rule 27.6, Ala. R.Crim. P.
 

 Because we are reversing the circuit court’s revocation of Saffold’s probation on the basis that the court failed to conduct a probation-revocation hearing in compliance with § 15-22-54, Ala.Code 1975, and Rule 27.6, we need not address Saffold’s second contention pertaining to the adequacy of the circuit court’s order revoking Saffold’s probation. However, we remind the circuit court that Rule 27.6(f), Ala. R.Crim. P., provides that, when revoking probation, “[t]he judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.”
 

 REVERSED AND REMANDED.
 

 WELCH, P.J., and WINDOM, BURKE, and JOINER, JJ., concur.