KELLUM, Judge.
The appellant, Robert Wade Singleton, appeals from the circuit court’s revocation of his probation. In December 2005, Singleton pleaded guilty to trafficking in marijuana, a violation of § 13A-12-231, Ala. Code 1975. The circuit court sentenced Singleton to 15 years’ imprisonment; however, that sentence was split, and Singleton was ordered to serve 3 years’ imprisonment followed by 12 years’ supervised probation. The circuit court also ordered Singleton to pay all mandatory fines, fees, and assessments.
While on probation, Singleton violated the terms and conditions of his probation when he was arrested for a new criminal charge of possession of marijuana in the first degree. On April 26, 2012, the circuit court conducted a brief probation-revocation hearing at which Singleton, defense counsel, and the State were present. At the hearing, Singleton admitted that he had been charged with possession of mari *870 juana, that the marijuana was found inside a truck belonging to him, and that he was driving the truck when the marijuana was found by police. Singleton, however, informed the circuit court that the marijuana did not belong to him and that he did not know the marijuana was in the truck. Counsel for Singleton represented to the circuit court that a woman who claimed the marijuana belonged to her had come forward and had offered to turn herself in to the police. Based on this information, the circuit court continued the probation-revocation hearing for 60 days to allow the woman to come forward.
When the probation-revocation hearing continued on June 7, 2012, defense counsel informed the circuit court that the woman was in court but that she had told counsel “that she got scared and did not tell the deputy [the marijuana] was hers.” (R. 10.) The circuit court then moved forward with the revocation proceedings. On June 8, 2012, the circuit court entered an order revoking Singleton’s probation and ordering Singleton to serve the balance of his sentence. This appeal followed.
On appeal, Singleton contends that the revocation proceedings conducted by the circuit court “could not properly be classified as a ‘hearing’ ” because, he argues, he was not allowed to call a witness to testify on his behalf, no sworn testimony was taken, and no exhibits were offered. (Singleton’s brief, p. 9.)
The general rules of preservation apply in probation-revocation proceedings. Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996). This Court has recognized three exceptions to the preservation requirement in probation-revocation proceedings: (1) that there be an adequate written or oral order of revocation, McCoo v. State, 921 So.2d 450 (Ala.2005); (2) that a revocation hearing actually be held; and (3) that the trial court advise the defendant of his or her right to request an attorney. Croshon v. State, 966 So.2d 293 (Ala.Crim.App.2007). Our Supreme Court recognized a fourth exception to the preservation requirement that allows a defendant to raise for the first time on appeal the allegation that the circuit court erred in failing to appoint counsel to represent the defendant during probation-revocation proceedings. See Ex parte Dean, 57 So.3d 169, 174 (Ala.2010).
Singleton challenged the sufficiency of the probation-revocation hearing for the first time on appeal. However, the issue falls within one of the four exceptions to the preservation requirement and is, therefore, properly before this Court for review.[1]
In Hollins v. State, 737 So.2d 1056, 1057 (Ala.Crim.App.1998), this Court held:
“Section 15-22-54, Ala.Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional. Story v. State, 572 So.2d 510 (Ala.Cr.App.1990). Additionally, the appellant was denied his constitutional right to due process by the revocation of his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard *871 in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfin-der as to the evidence relied on and the reasons for revoking probation. Rule 27.5 and 27.6, Ala. R.Crim. P. See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Hernandez v. State, 673 So.2d 477 (Ala.Cr.App.1995).”
At the June 7, 2012, hearing, the following discussion occurred:
“THE COURT: Mr. Singleton, last time we were here, we continued your case for you and your attorney to explore the possibility of someone else saying that they had committed this offense.
“Now, has that occurred?
“[DEFENSE COUNSEL]: Judge, she is here. I’m going to ask her to come up here—
“THE COURT: Well, that should have all been handled before court today. I’m not involved in that.
“[DEFENSE COUNSEL]: Yes, ma’am. She did go talk to the deputy, Your Honor. She told the deputy — she told me today that she got scared and did not tell the deputy it was hers.
“THE COURT: Okay. That is all I needed to hear on that situation. All right. We will go forward with the revocation then.
“Now, last time did we present testimony, or did we stop and continue the case for that to occur?
“[DEFENSE COUNSEL]: We took limited testimony.
“THE COURT: All right. Is there anything that you want to add that has not been presented or is not in this report?
“[DEFENSE COUNSEL]: I have read the report. Your Honor, and the defendant is, you know, adamant that it was not his substance, that it did belong to someone else. Even though it was his vehicle, he did not know it was in the vehicle.
“THE COURT: All right. Based on this new offense, I find that you have violated the terms and conditions of your probation; therefore, I revoke your probation. You will now begin to serve your state sentence.
[[Image here]]
“THE DEFENDANT: ... I’m not— I am not guilty of this charge. She is here to claim it right now. I would appreciate it if she had the opportunity to do that.
“THE COURT: Well, she was given that opportunity, and I do understand that she is limited mentally.
“THE DEFENDANT: She is aware of what she has done.
“THE COURT: Well, the fact is your probation is being revoked.”
(R. 10-13.)
“ ‘A hearing ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue (in person or by counsel) as to the inferences flowing from the evidence.’ Fiorella v. State, 40 Ala.App. 587, 590, 121 So.2d 875, 878 (1960).” Ex parte Anderson, 999 So.2d 575, 578 (Ala.2008).
In D.L.B. v. State, 941 So.2d 324 (Ala.Crim.App.2006), this Court addressed a similar issue in which the defendant argued that he had not received a probation-revocation hearing. In D.L.B., the defendant, while on probation, was arrested on new criminal charges. The circuit court conducted a brief hearing at which it heard arguments from both defense counsel and *872 the prosecutor. At the conclusion of the hearing, the circuit court revoked the defendant’s probation based on the argument presented by the State. 941 So.2d at 325. The defendant appealed, arguing that the circuit court erroneously revoked his probation without first conducting a probation-revocation hearing that complied with § 15-22-54, Ala.Code 1975. This Court agreed and reversed the judgment of the circuit court, holding:
“Although the July 13, 2005, hearing purported to be a probation-revocation hearing, the court announced that it was revoking D.L.B.’s probation without hearing testimony from any State’s witnesses and without allowing D.L.B. an opportunity to be heard. Because the circuit court revoked D.L.B.’s probation based on the representations of the prosecutor, rather than on evidence presented to the court in the form of witness testimony or other legal evidence, D.L.B. was denied the right to a hearing where he could be heard and present witnesses and documentary evidence and where he could confront and cross-examine adverse witnesses.”
D.L.B., 941 So.2d at 326.
In Saffold v. State, 77 So.3d 178 (Ala.Crim.App.2011), this Court again addressed whether the circuit court had conducted a probation-revocation hearing. In Saffold, the circuit court conducted a brief hearing at which the defendant spoke on his own behalf and the circuit court considered arguments by both defense counsel and the prosecutor. At the conclusion of the hearing, the circuit court prevented the defendant from speaking any further on his own behalf and ordered an officer in the courtroom to place the defendant “in the box.” Saffold, 77 So.3d at 181. Relying on our rationale in D.L.B., this Court held:
“In the instant case, as in D.L.B., we cannot say that the proceeding held on October 28, 2010, constituted a probation-revocation hearing. The prosecutor represented that Saffold had been arrested on new charges but called no witnesses to testify and presented no other evidence regarding the new charges against Saffold. Saffold was not afforded an opportunity to confront and to cross-examine adverse witnesses after he denied committing the new offenses because the State presented none. Although, unlike the defendant in D.L.B., Saffold was in fact afforded an opportunity to be heard, we question whether Saffold was fully afforded an opportunity to adduce proof by way of witness testimony and documentary evidence that he did not commit the new charges and had not violated the terms and conditions of his probation. The transcript of the proceedings indicates that Saffold’s opportunity to be heard was cut short when the circuit court interrupted him and ordered an officer in the court to ‘put [Saffold] in the box.’ The record indicates that the proceedings ended at that point. Therefore, we must conclude that Saffold was denied his right to a probation-revocation hearing.”
Saffold, 77 So.3d at 182.
In the instant case, as in D.L.B. and Saffold, we cannot say that the proceedings conducted on April 26, 2012, and June 7, 2012, constituted a probation-revocation hearing. At the April 26, 2012, hearing, the circuit court considered limited arguments on behalf of Singleton before it continued the hearing for 60 days to allow Singleton to find a witness who would testify that the marijuana found in Singleton’s truck, in fact, belonged to her. When the matter was called for a hearing on June 7, 2012, defense counsel informed *873 the circuit court that the witness was present. Defense counsel attempted to call her as a witness, but the circuit court prevented counsel from doing so. Singleton then asked the circuit court if the witness could have the opportunity to testify and the circuit court declined his request. Because Singleton was not allowed to call the woman as a witness, he was not fully afforded an opportunity to adduce proof by way of witness testimony that he did not commit the new charge and had not violated the terms and conditions of his probation. Accordingly, we reverse the circuit court’s revocation of Singleton’s probation and remand this case for the circuit court to conduct a probation-revocation hearing in accordance with § 15-22-54, Ala. Code 1975, and Rule 27.6, Ala. R. Crim. P.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

. Singleton also contends on appeal that the circuit court abused its discretion when it revoked his probation because, he says, the evidence at the hearing was insufficient to support the revocation of his probation. Because Singleton raises this issue for the first time on appeal and it does not fall within a recognized exception to the preservation requirement, the issue is not properly before this Court for review.