JOINER, Judge.
Orlando Mozzel Powell appeals the revocation of his probation; we reverse and remand.
In June 2008, Powell pleaded guilty to unlawful possession of controlled substances, see § 13A-12-212, Ala.Code 1975, and resisting arrest, see § 13A-10-41, Ala. Code 1975. Powell was sentenced to 15 years’ imprisonment for the controlled-substances conviction, and 6 months’ imprisonment for the resisting-arrest conviction; Powell’s 15-year sentence was split, and Powell was sentenced to serve 3 years “in community corrections,” followed by 3 years’ probation. (C. 7.) In December 2009, Powell was “revoked from Montgomery County Community Corrections” and ordered to serve the remainder of his split sentence in the custody of the Alabama Department of Corrections. (C. 8.) Following the confinement portion of his split sentence, Powell was placed on probation. Although the record is sparse, the case-action summary reflects that in November 2012, Powell had an initial appearance on probation-revocation charges. (C. 8.) Powell’s probation was revoked at a subsequent court appearance in January 2013.
The totality of the proceeding underlying Powell’s revocation is as follows:
“THE COURT: I have been studying this case. [Powell] has been with this Court for 20 something years since he was about 16 years old. I have done everything I know to do, everything possible as a judge to try to help [Powell] get past this drug addiction and involvement in drugs and things like that, and I haven’t been successful. I have been sending [Powell] to the penitentiary, bringing him out of the penitentiary.
“I have be[gun] to like [Powell]. He is almost like a child of mine, because he came here when he was 16 years old. His mother has always been with us. She has spent a lot of time around the courthouse trying to help [him], I would send him in, bring him out.
“In the end, [Powell] is going to get on his bicycle over there in Ridgecrest and he is going to ride around and get involved in dope and selling and go to a hotel out there on Air Base Boulevard and get arrested. So I don’t have a solution. I have spent a long time this morning talking to the probation officer. She doesn’t have a solution. We don’t have a solution for [Powell]. I wish we did.
“[Defense counsel]: Can [Powell] speak?
“THE COURT: Well, [Powell] can speak. But the truth of the matter is, this has been a 20-year journey. How old are you?
“[Powell]: 40.
“THE COURT: So you were older than 16. But it has been more than 20 years you have been in and out of the penitentiary. We don’t have a solution. What I am going to do is revoke his probation, send him back to drug treatment. Maybe lightning will strike and it will help him.
“[Powell]: Your Honor, I can get drug treatment on the street.
“THE COURT: No, you can’t get drug treatment on the street. I have tried everything on the street. In the penitentiary, on the street, in the penitentiary, on the street. None of it has worked, [Powell]. I sure wish it could have, because I like you personally because you came here at a very young age. You are not a bad person. You don’t commit violent crimes. It is the drugs you are on and always out there selling. So I am going to revoke his probation, put in place the original sentence. Order that he be sent to the one- *489 year place, New Outlook. Have you been to New Outlook?
“[Powell]: I have never been there.
“THE COURT: I am going to send him to New Outlook. Revoke probation, send him to New Outlook for one year intensive treatment. Notify the Court upon completion. The Court will maintain jurisdiction. That’s the best I can do. Thank you.”
(R. 2-4.)
The case-action summary reflects that the circuit court entered the following written order:
“The defendant having been advised in writing of the alleged violation of the terms of his probation as brought before the court, with counsel, for a hearing on the allegations. A hearing was held and the court finds that the defendant has violated the terms of his probation.
“Defendant’s probation is hereby revoked to serve the original sentence. Defendant is ordered to be placed in the New Outlook program. The Court will maintain jurisdiction and the defendant is to return to court upon completion of the program.”
(C. 3^1.) Nothing in the record indicates why probation-revocation proceedings were instituted against Powell or what condition of his probation that Powell violated.
On appeal, Powell argues, among other things, that the circuit court failed to afford Powell an actual hearing, and that the circuit court’s probation-revocation order is insufficient. We agree.
“ ‘Absent a clear abuse of discretion, a reviewing court will not disturb a trial court’s conclusions in a probation-revocation proceeding, including the determination whether to revoke, modify, or continue the probation. A trial court abuses its discretion only when its decision is based on an erroneous conclusion of law or where the record contains no evidence on which it rationally could have based its decision.’ ”
McCain v. State, 33 So.3d 642, 647 (Ala.Crim.App.2009) (quoting Holden v. State, 820 So.2d 158, 160 (Ala.Crim.App.2001) (citations omitted)). However, we review de novo those cases that involve only issues of law and the application of the law to the undisputed facts. See Ex parte Walker, 928 So.2d 259, 262 (Ala.2005) (“[This] case involves only issues of law and the application of the law to undisputed facts. Thus, our review is de novo.”).
“ ‘ “The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App.1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Crim.App.1992). This Court ‘has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation ..., and (2) the requirement that a revocation hearing actually be held.’ Puckett, 680 So.2d at 983.” ’
“Bauer v. State, 891 So.2d 1004, 1006 (Ala.Crim.App.2004) (quoting Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998)). This court has also recognized a third exception that a defendant can raise for the first time on appeal — the requirement that the court advise the defendant of his or her right to request an attorney to represent the defendant during probation-revocation proceedings. See Law v. State, 778 So.2d 249, 250 (Ala.Crim.App.2000). A fourth exception to the preservation rule recently announced by our Supreme Court also allows a defendant to raise for the first *490 time on appeal the allegation that the circuit court erred in failing to appoint counsel to represent the defendant during probation-revocation proceedings. See Dean v. State, 57 So.3d 169 (Ala.2010).”
Saffold v. State, 77 So.3d 178, 179 (Ala.Crim.App.2011).
Thus, although it is unclear whether Powell challenged the adequacy of the probation-revocation hearing or order before the circuit court, these claims may be properly raised for the first time on appeal.
Regarding minimum due-process requirements for probation-revocation hearings, this Court reiterated in Hollins v. State, 737 So.2d 1056, 1057 (Ala.Crim.App.1998), that
“[t]he minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfinders as to the evidence relied on and the reasons for revoking probation.”
Due process also requires a sufficient order revoking probation.
“Rule 27.6(f), Ala. R.Crim. P., provides that, when revoking probation, ‘[t]he judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.’ In order to meet the requirements of Rule 27.6(f), as well as those of constitutional due process, it is ‘the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.’ ”
Ex parte Garlington, 998 So.2d 458, 458-59 (Ala.2008) (quoting McCoo v. State, 921 So.2d 450, 462 (Ala.2005) (emphasis omitted)).
Powell asserts that, “[a]t the proceedings!,] no testimony was admitted by the State!,] [n]o witnesses were called!,] [t]he assistant district attorney did not say a single word!,] Wo documents were introduced!, and] [t]he only evidence mentioned at the hearing was a ... ‘long talk’ between [the judge] and the probation officer.” (Powell’s brief, p. 9.) Powell also asserts that the circuit court “failed to include [in its order] a reason for the revocation of probation, as well as the evidence relied upon in reaching [its] determination.” (Powell’s brief, p. 14.) We agree.
The record clearly supports Powell’s contentions that the circuit court failed to conduct an adequate probation-revocation hearing and subsequently failed to enter a sufficient probation-revocation order. Accordingly, we reverse the order revoking Powell’s probation, and remand this matter for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.