JOINER, Judge.
John Taylor appeals the October 2017 revocation of his probation. On May 5, 2012, Taylor was convicted of first-degree sexual abuse, see *132 § 13A-6-66, Ala. Code 1975, and was sentenced to serve 10 years' imprisonment; that sentence was split and Taylor was ordered to serve 1 year and 1 day followed by 3 years' supervised probation. Taylor was alleged to be delinquent in his probation for violating the residency requirements of the Alabama Sex Offender Registration and Notification Act, § 15-20A-1 et seq., Ala. Code 1975 ("SORNA"), see § 15-20A-11, Ala. Code 1975.
Facts and Procedural History
On April 23, 2015, Taylor's probation officer, Kyle Callaghan, filed a delinquency report recommending the revocation of Taylor's probation. The delinquency report alleged:
"On April 19, 2015, Mobile County Sheriff's Office, Sgt. Daniel Webster received an anonymous phone call advising him that Taylor was intoxicated and was making sexual advances to a 14 year old female that was at the residence Taylor's [sic] was temporarily staying. The informant was making a phone call to Sgt. Webster on behalf of the victim's mother, who resided next door. Sgt. Webster responded to the resident [sic] and placed Taylor under arrest for violation of the Alabama Sex Offender Registration and Notification Act, Alabama Code 15-20A-11, Residency Restrictions. Taylor was transported to the Mobile County Metro Jail where [he] sits at this time."
(Record on Return to Remand, C. 11-12.)
On September 27, 2017, Taylor appeared with counsel at a probation-revocation hearing. At that hearing, Taylor's counsel admitted that Taylor had violated his probation and that Taylor had pleaded guilty to the SORNA violation. Taylor's counsel noted that Taylor was arrested in April 2015 and stated: "[W]e're just asking for mercy on that being it's two years old and he has [already completed] the full sentence ... on the new charge that's the basis of the revocation." (Record on Return to Remand, R. 4.) The State requested that Taylor's probation be revoked because Taylor had pleaded guilty to the SORNA charge. The circuit court sua sponte continued Taylor's hearing because Taylor's defense counsel had been appointed on the day of the hearing, because the State could not explain why the revocation hearing had not been scheduled until more than two years after the violation had occurred, and because the amount of time remaining on Taylor's term of probation was unknown.
On October 11, 2017, Taylor appeared with counsel for the continued probation-revocation hearing. The State and Taylor stipulated to continuing Taylor's probation for an additional year. The following discussion occurred:
"THE COURT: I'm going to-here's-I'm going to explain why because it needs to be said. SORNA violations where you're just not doing what I have instructed you to do and what the law requires you to is one thing, meaning you don't report to the sheriff's office or on your birthday or whatever they have you do. The new case is alleging that you got intoxicated and then were making sexual advances to a 14-year-old and-
"THE DEFENDANT: Your Honor, if I may ask, the report that's being read here was something I pled not guilty to. That would be another charge, Your Honor. That would be a sexual harassment. What I'm pleading out to, Your Honor, the detective authorized me to be there for a week because I had a heart attack. During that week, he came and arrested me for being there because there was allegedly an 11-year-old child staying there. Now, I had made prearrangement for the child to stay with her-and her grandfather to stay at another *133 residence during that week. And that was the situation, Your Honor. This report he is reading was something that was thrown out of court for me to plead guilty to the SORNA.
"THE COURT: All right. Don't interrupt me again.
"THE DEFENDANT: Yes, sir.
"THE COURT: This original case started by sexual-submitting another person to sexual contact by forcible compulsion and a child less than 12 years of age. It is alleged that you had contact as an intoxicated person making sexual advances to a 14-year-old, plus you got the SORNA charge, plus you pled guilty to it. So I'm revoking your probation in full and ordering you to serve the original 10 years minus any time you've been held on this case or any split sentence that you were originally given."
(R. 7-8.)
Following the hearing, the circuit court issued the following written order:
"This matter having been set for hearing on probation revocation of the 11th day of October 2017, and defendant having appeared with appointed counsel, Patrick Prendergast, and denying the allegations of the probation revocation, and upon testimony presented, it is therefore the finding of this Court that the defendant received new charges, which is a violation of the conditions of the Defendant's probation. Therefore, it is hereby ORDERED that the defendant's probation is due to be and is hereby revoked and defendant is committed to the custody of the Director of the Alabama Department of Corrections to serve the balance of his original 10-year sentence...."
(C. 8.)
Discussion
On appeal, Taylor contends that the circuit court erred when it revoked his probation because, he says, an adequate revocation hearing was not actually held, and he did not affirmatively waive his right to a hearing.[1] We agree.
" ' "Absent a clear abuse of discretion, a reviewing court will not disturb a trial court's conclusions in a probation-revocation proceeding, including the determination whether to revoke, modify, or continue the probation. A trial court abuses its discretion only when its decision is based on an erroneous conclusion of law or where the record contains no evidence on which it rationally could have based its decision." '
" McCain v. State, 33 So.3d 642, 647 (Ala. Crim. App. 2009). (quoting Holden v. State, 820 So.2d 158, 160 (Ala. Crim. App. 2001) (citations omitted) ). However, we review de novo cases that involve only issues of law and the application of the law to the undisputed facts. See Ex parte Walker, 928 So.2d 259, 262 (Ala. 2005) ('[This] case involves only issues of law and the application of the law to the undisputed facts. Thus, our review is de novo.').
" ' "The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala. Crim. App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala. Crim. App. 1992). This Court *134 "has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation ..., and (2) the requirement that a revocation hearing actually be held." Puckett, 680 So.2d at 983.' "
" ' Bauer v. State, 891 So.2d 1004, 1006 (Ala. Crim. App. 2004) (quoting Owens v. State, 728 So.2d 673, 680 (Ala. Crim. App. 1998) ). This court has also recognized a third exception that a defendant can raise for the first time on appeal-the requirement that the court advise the defendant of his or her right to request an attorney to represent the defendant during probation-revocation proceedings. See Law v. State, 778 So.2d 249, 250 (Ala. Crim. App. 2000). A fourth exception to the preservation rule recently announced by our Supreme Court also allows a defendant to raise for the first time on appeal the allegation that the circuit court erred in failing to appoint counsel to represent the defendant during probation-revocation proceedings. See Dean v. State, 57 So.3d 169 (Ala. 2010).'
" Saffold v. State, 77 So.3d 178, 179 (Ala. Crim. App. 2011)."
Powell v. State, 140 So.3d 487, 489-90 (Ala. Crim. App. 2013). Thus, although Taylor did not challenge the adequacy of his probation-revocation hearing before the circuit court, this claim may be properly raised for the first time on appeal.
Taylor asserts that "no testimony was taken, no witnesses appeared, and no exhibits were entered into evidence-no hearing took place" before the circuit court revoked his probation. (Taylor's brief, p. 9.)
"In Hollins v. State, 737 So.2d 1056, 1057 (Ala. Crim. App. 1998), this Court held:
" 'Section 15-22-54, Ala. Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional. Story v. State, 572 So.2d 510 (Ala. Cr. App. 1990). Additionally, the appellant was denied his constitutional right to due process by the revocation of his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. Rule 27.5 and 27.6, Ala. R. Crim. P. See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975) ; Hernandez v. State, 673 So.2d 477 (Ala. Cr. App. 1995).'
"....
" ' "A hearing ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue (in person or by counsel) as to the inferences flowing from the evidence." Fiorella v. State, 40 Ala. App. 587, 590, 121 So.2d 875, 878 (1960).' Ex parte Anderson, 999 So.2d 575, 578 (Ala. 2008).
"In D.L.B. v. State, 941 So.2d 324 (Ala. Crim. App. 2006), this Court addressed a similar issue in which the defendant argued that he had not received *135 a probation-revocation hearing. In D.L.B., the defendant, while on probation, was arrested on new criminal charges. The circuit court conducted a brief hearing at which it heard arguments from both defense counsel and the prosecutor. At the conclusion of the hearing, the circuit court revoked the defendant's probation based on the argument presented by the State. 941 So.2d at 325. The defendant appealed, arguing that the circuit court erroneously revoked his probation without first conducting a probation-revocation hearing that complied with § 15-22-54, Ala. Code 1975. This Court agreed and reversed the judgment of the circuit court, holding:
" 'Although the July 13, 2005, hearing purported to be a probation-revocation hearing, the court announced that it was revoking D.L.B.'s probation without hearing testimony from any State's witnesses and without allowing D.L.B. an opportunity to be heard. Because the circuit court revoked D.L.B.'s probation based on the representations of the prosecutor, rather than on evidence presented to the court in the form of witness testimony or other legal evidence, D.L.B. was denied the right to a hearing where he could be heard and present witnesses and documentary evidence and where he could confront and cross-examine adverse witnesses.'
" D.L.B., 941 So.2d at 326.
"In Saffold v. State, 77 So.3d 178 (Ala. Crim. App. 2011), this Court again addressed whether the circuit court had conducted a probation-revocation hearing. In Saffold, the circuit court conducted a brief hearing at which the defendant spoke on his own behalf and the circuit court considered arguments by both defense counsel and the prosecutor. At the conclusion of the hearing, the circuit court prevented the defendant from speaking any further on his own behalf and ordered an officer in the courtroom to place the defendant 'in the box.' Saffold, 77 So.3d at 181. Relying on our rationale in D.L.B., this Court held:
" 'In the instant case, as in D.L.B., we cannot say that the proceeding held on October 28, 2010, constituted a probation-revocation hearing. The prosecutor represented that Saffold had been arrested on new charges but called no witnesses to testify and presented no other evidence regarding the new charges against Saffold. Saffold was not afforded an opportunity to confront and to cross-examine adverse witnesses after he denied committing the new offenses because the State presented none. Although, unlike the defendant in D.L.B., Saffold was in fact afforded an opportunity to be heard, we question whether Saffold was fully afforded an opportunity to adduce proof by way of witness testimony and documentary evidence that he did not commit the new charges and had not violated the terms and conditions of his probation. The transcript of the proceedings indicates that Saffold's opportunity to be heard was cut short when the circuit court interrupted him and ordered an officer in the court to "put [Saffold] in the box." The record indicates that the proceedings ended at that point. Therefore, we must conclude that Saffold was denied his right to a probation-revocation hearing.'
" Saffold, 77 So.3d at 182."
Singleton v. State, 114 So.3d 868, 870-72 (Ala. Crim. App. 2012).
With respect to the instant case, the transcripts of both hearings show that the State presented no witnesses, nor did *136 it introduce any other legal evidence. Although Taylor's counsel and the prosecutor spoke to the court, " '[s]tatements of counsel to the court are not evidence.' " DeBruce v. State, 651 So.2d 599, 608 (Ala. Crim. App. 1993) (quoting Evans v. State, 341 So.2d 749, 750 (Ala. Crim. App. 1976) ). Although Taylor was not given an opportunity to address the court, he nonetheless attempted to speak on his behalf before the circuit judge instructed Taylor not to interrupt him again. The circuit court then revoked Taylor's probation, and the proceedings ended. Accordingly, we cannot say that the proceedings conducted on September 27, 2017, and October 11, 2017, constituted an adequate probation-revocation hearing.
The State argues that Taylor admitted to the charge against him and, citing Wagner v. State, 197 So.3d 517 (Ala. 2015), argues further that Taylor received a hearing that substantially complied with the requirements of Rule 27.6(c), Ala. R. Crim. P. We cannot say, however, that the circuit court substantially complied with Rule 27.6(c), Ala. R. Crim. P., or, therefore, that it properly accepted Taylor's admission of guilt. Thus, Wagner is distinguishable.
Rule 27.6(c) provides, in relevant part:
"(c) ADMISSIONS BY THE PROBATIONER. Before accepting an admission by a probationer that the probationer has violated a condition or regulation of probation or an instruction issued by the probation officer, the court shall address the probationer personally and shall determine that the probationer understands the following:
"(1) The nature of the violation to which an admission is offered;
"(2) The right under section (b) to be represented by counsel;
"(3) The right to testify and present witnesses and other evidence on probationer's own behalf and to cross-examine adverse witnesses under subsection (d)(1) ....,
"....
"The court shall also determine that the probationer waives these rights, that the admission is voluntary and not the result of force, threats, coercion, or promises, and that there is a factual basis for the admission."
The transcripts of both hearings show that Taylor's defense counsel-not Taylor himself-admitted that Taylor had pleaded guilty to the SORNA charge. The transcripts do not show that the circuit court ever addressed Taylor personally during either hearing with respect to the provisions of Rule 27.6(c), Ala. R. Crim. P. The only time Taylor ever spoke directly to the court in his behalf was when he interrupted the court to argue that the charge to which he supposedly pleaded guilty and was the basis of his revocation was not the same charge to which he had pleaded guilty. See (R. 7) ("Your Honor, if I may ask, the report that's being read here was something I pled not guilty to. That would be another charge, Your Honor."). Therefore, it does not appear that Taylor was sufficiently apprised of the nature of the violation for which his admission was offered. In addition, the record does not show that the circuit court informed Taylor of his right to testify, to present witnesses on his behalf, and to cross-examine adverse witnesses. The record also fails to show that the court determined that Taylor waived those rights or that his admission-which, we stress again, came only from Taylor's counsel and not Taylor-was voluntary and not the result of force, threats, coercion, or promises. We also note that the circuit court's written order of revocation states that Taylor denied the allegations against him, therefore supporting the conclusion that Taylor did not admit to violating his probation in this instance.
*137 Accordingly, we cannot say that the circuit court complied with the requirements of Rule 27.6(c), Ala. R. Crim. P., or, therefore, that any admissions made by Taylor were properly accepted by the circuit court as a basis for the revocation of Taylor's probation.
Conclusion
The record supports Taylor's contention that the circuit court failed to conduct an adequate probation-revocation hearing. Accordingly, we reverse the order revoking Taylor's probation and remand this matter for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Burke, J., concurs. Welch and Kellum, JJ., concur in the result. Windom, P.J., dissents, with opinion.

On March 5, 2018, we remanded this matter for the circuit court to supplement the record with any documents that affirmatively show the offense with which Taylor was charged, as well as the transcript of the hearing at which Taylor allegedly admitted to the new charge against him. In response, the circuit court complied with our instructions and submitted the delinquency report filed against Taylor and a transcript of the September 27, 2017, hearing.