Rel: June 28, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

———————————————

## CR-2023-0897

———————————————

### Brandon Colby Hayes

### v.

### State of Alabama

### Appeal from Marion Circuit Court
### (CC-19-237.71, CC-19-238.71, CC-20-408.71, CC-22-900001.70, and CC-23-21.70)

KELLUM, Judge.

The appellant, Brandon Colby Hayes, appeals from the Marion Circuit Court's revocation of his community-corrections sentence.

The record indicates that Hayes was serving his community-corrections sentence following his convictions for one count of unlawful

possession of a controlled substance, three counts of theft of property in the first degree, and one count of theft of property in the second degree. On September 22, 2023, a delinquency report was filed in the circuit court alleging that Hayes had been arrested on new criminal charges of burglary in the third degree and attempted theft of property in the second degree, and that Hayes had failed to pay community-corrections fees. The circuit court subsequently held an initial-appearance hearing at which Hayes was informed of the alleged violations and counsel was appointed. Hayes denied the charges, and the circuit court scheduled a revocation hearing.

On November 8, 2023, the circuit court conducted a revocation hearing at which Hayes was present and represented by counsel. At the hearing, the following occurred:

"THE COURT: All right, Mr. Hayes, Mr. Howell is here with you.

"THE DEFENDANT: I can't hear him.

"[Defense counsel]: Your honor, if I may speak on behalf of Mr. Hayes.

"THE COURT: Sure.

"[Defense counsel]: He has a hearing problem. I've represented him previously and he has hearing loss. I don't

know what we can do about that, but he says – he has relayed to me a moment ago he cannot hear you.

"THE COURT: All right, Mr. Hayes, I don't know that I've done an advisement with you.

"THE DEFENDANT: Sir?

"THE COURT: Have I spoken with you over Zoom?

"THE DEFENDANT: You spoke with me one time, yes, sir, over Zoom.

"THE COURT: Okay. Have you got copies of the [delinquency] reports?  Have you got copies of these (indicated)?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are the allegations correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: Okay.  The Court finds to a reasonable satisfaction [Hayes] has violated the conditions of probation as well as conditions of Community Corrections.

"Is there anything you would like to present or anything you would like to say before sentence is imposed?

"[Defense counsel]: Tell the judge what you want to do.

"THE DEFENDANT: Sir, I would like to go to rehab. I would like to go to a faith-based rehab.  I got saved since I been in the county, I gave my life to God, and I would like to further my spiritual growth and get the tools I need when times are hard.

3

"I lost my dad back in May of this year. I kind of went downhill since then, and I would like to get the tools I need when times are hard out there to be an upstanding citizen.

"THE COURT: Okay. Mr. Hayes, you've got five cases, five active cases.

"THE DEFENDANT: Yes, sir.

"THE COURT: And the Court finds no measure short of confinement will avoid depreciating the seriousness of the claimed violations. Your status is revoked on those cases that you are serving, your probation is revoked on the cases you are on probation, and you will serve the remainder of your sentences with Department of Corrections.

"Okay, that's it."

(R. 2-4.)

On the same day, the circuit court entered an order revoking Hayes's placement in the community-corrections program, finding that it was reasonably satisfied that Hayes had violated the conditions of community corrections based on his commission of new criminal offenses of burglary in the third degree and attempted theft of property in the second degree. In its order, the circuit court stated that it had relied on Hayes's stipulation to the allegations in the delinquency report as evidence in support of revocation.

4

On November 30, 2023, Hayes filed a motion to reconsider in which he argued, among other things, that the circuit court's revocation did not "comport with substantive and procedural requirements of [Rule 27.6, Ala. R. Crim. P.,] because of the "lack of a proper hearing during the probation revocation proceeding" and the "lack of a complete and sufficient colloquy before [the court] accept[ed] any purported 'admissions that may have been made." (C. 14-15.) The circuit court denied Hayes's motion to reconsider, and this appeal followed.

On appeal, Hayes contends that the circuit court erred when it revoked his participation in the community-corrections program because, he argues, his participation in community corrections was revoked "without benefit of a formal hearing or an evidentiary basis, and he did not "validly waive his right to a formal hearing" under Rule 27.6(c), Ala. R. Crim. P. (Hayes's brief, p. 6.)

> "We first note that the revocation of a sentence served under a community-corrections program is treated the same as a probation revocation. See § 15-18-175(d) (3)b., Ala. Code 1975 ("A revocation hearing shall be conducted before the court prior to revocation of the community corrections sentence. The court shall apply the same due process safeguards as a probation revocation proceeding and may modify or revoke the community punishment sentence and impose the sentence that was suspended at the original hearing or any lesser sentence...."); Richardson v. State, 911

So. 2d 1114 (Ala. Crim. App. 2004) (treating the revocation of a community-corrections sentence as a probation revocation)."

Corbitt v. State, 369 So. 3d 682, 684 (Ala. Crim. App. 2022).

In Hollins v. State, 737 So. 2d 1056, 1057 (Ala. Crim. App. 1998), this Court held:

"Section 15-22-54, Ala. Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional. Story v. State, 572 So. 2d 510 (Ala. Cr. App. 1990). Additionally, the appellant was denied his constitutional right to due process by the revocation of his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. Rule 27.5 and 27.6, Ala. R. Crim. P. See Armstrong v. State, 294 Ala. 100, 312 So. 2d 620 (1975); Hernandez v. State, 673 So. 2d 477 (Ala. Cr. App. 1995)."

This Court has repeatedly held that a probation-revocation hearing at which no witnesses testified and no evidence was presented is insufficient to comply with the requirements of § 15-22-54, Ala. Code 1975, namely, that the circuit court conduct a hearing before revoking probation. See D.L.B. v. State, 941 So. 2d 324 (Ala. Crim. App.

2006)(reversing the revocation of probation because revocation was based on representations of prosecutor rather than on evidence); <u>Moore v. State</u>, 54 So. 3d 442 (Ala. Crim. App. 2010)(holding revocation improper when circuit court did not hear any testimony or allow the probationer an opportunity to be heard); <u>Saffold v. State</u>, 77 So. 3d 178 (Ala. Crim. App. 2011)(reversing revocation that was based on representations made by prosecutor without calling witnesses to testify or presenting other evidence).

The failure to consider the testimony of witnesses and other evidence during a probation-revocation hearing, however, does not in and of itself entitle a probationer to relief. Pursuant to Rule 27.5(b), Ala. R. Crim. P., a probationer "may waive his right to a revocation hearing if he is given 'sufficient prior notice of the charges and sufficient notice of the evidence to be relied upon' and if he 'admits, under the requirements of Rule 27.6(c), [Ala. R. Crim. P.] that he committed the alleged violation.'" <u>Ex parte Anderson</u>, 999 So. 2d 575, 577 (Ala. 2008) (quoting Rule 27.5(b)).

Rule 27.6(c), Ala. R. Crim. P., provides:

> "Before accepting an admission by a probationer that the probationer has violated a condition or regulation of probation or an instruction issued by the probation officer, the

7

court shall address the probationer personally and shall determine that the probationer understands the following:

"(1) The nature of the violation to which an admission is offered;

"(2) The right under section (b) to be represented by counsel;

"(3) The right to testify and to present witnesses and other evidence on probationer's own behalf and to cross-examine adverse witnesses under subsection (d)(1); and

"(4) That, if the alleged violation involves a criminal offense for which the probationer has not yet been tried, the probationer may still be tried for that offense, and although the probationer may not be required to testify, that any statement made by the probationer at the present proceedings may be used against the probationer at a subsequent proceeding or trial.

"The court shall also determine that the probationer waives these rights, that the admission is voluntary and not the result of force, threats, coercion, or promises, and that there is a factual basis for the admission."

Hayes contends that his case is analogous to <u>Gosa v. State</u>, 377 So. 3d 1103 (Ala. Crim. App. 2022). In <u>Gosa</u>, the probationer stipulated to the correctness of a delinquency report alleging he had absconded but did not admit to the truthfulness of the allegations in the report. Rather, he tried to present a defense to his failure to report to his probation officer.

Gosa, 377 So. 3d at 1104-05. Relying on Gosa's stipulation to the correctness of the delinquency report, the circuit court revoked Gosa's probation without receiving any evidence. This Court reversed the judgment of the circuit court, stating:

> " 'This Court has, on several occasions, held that the failure to receive evidence at a revocation hearing means that no meaningful revocation hearing was held. See, e.g., Williford[ v. State], 329 So. 3d [86] at 90-91 [Ala. Crim. App. 2020)] ("[T]his Court has held that a probationer was denied the right to a revocation hearing in cases in which the probationer appeared before the circuit court for a hearing but the circuit court did not receive evidence at the hearing and thus revoked probation without an evidentiary basis."); Allen [v. State], 285 So. 3d [864] at 869 [(Ala. Crim. App. 2019)] (finding that the State failed "to introduce any exhibits, witness testimony, or any other legal evidence during the hearing" and, thus, that the "proceeding did not constitute the meaningful hearing to which Allen was entitled"); and Saffold v. State, 77 So. 3d 178, 182 (Ala. Crim. App. 2011) ("[W]e cannot say that the proceeding held on October 28, 2010, constituted a probation-revocation hearing. The prosecutor represented that Saffold had been arrested on new charges but called no witnesses to testify and presented no other evidence regarding the new charges against Saffold.").'
>
> "Wilkerson, 372 So. 3d at 578. Thus, Gosa is correct that the circuit court failed to actually conduct a revocation hearing.

"'But, as this Court explained in <u>Williford</u>, "the fact that a revocation hearing did not occur does not in and of itself entitle [a person] to relief." 329 So. 3d at 91. Indeed, a person may waive his right to a revocation hearing if he "has been given sufficient prior notice of the charges and sufficient notice of the evidence to be relied upon" and he "admits, under the requirements of Rule 27.6(c), [Ala. R. Crim. P.,] that he committed the alleged violation." Rule 27.5(b), Ala. R. Crim. P.'

"<u>Wilkerson</u>, 372 So. 3d at 579.

"Here, the circuit court circumvented the requirement that a revocation hearing be held by basing its revocation on Gosa's admission that he had violated the terms of his probation, but Gosa did not admit to the truthfulness of the allegations in the report alleging that he had violated the terms of his probation. Although Gosa, or his counsel, stated that he wished to forgo a formal revocation hearing and that the facts set out in the report were correct, Gosa did not affirm that those facts constituted an admission that he had absconded. Rather, Gosa tried to present a defense to his failure to report to his probation officer - i.e., that he had been in the hospital, that he had been ill after leaving the hospital, and that he had been arrested and was in custody.

"'"[B]ecause there was not an admission of the truthfulness of the allegations, there was not a sufficient basis for the revocation of [Gosa's probation] sentence. Therefore, the right to a revocation hearing was not waived in this case. See Rule 27.5(b), Ala. R. Crim. P. (providing that a waiver of the right to a revocation hearing requires the probationer to admit that he or she committed a violation of the conditions of probation.). The circuit court was required to hold a revocation

> hearing at which it could receive evidence on the allegations contained in the delinquency report."'

"Wilkerson, 372 So. 3d at 579 (quoting Gann v. State, 337 So. 3d 1217, 1223 (Ala. Crim. App. 2021))."

Gosa, 377 So. 3d at 1108-09.

The State contends that this Court's decision in Gosa is materially distinguishable from this case because Gosa attempted to present a defense to the charged violation, but Hayes's admission here was unequivocal. Although we agree with the State that a factual distinction exists between this case and Gosa, we do not agree with the State's suggestion that Hayes's failure to either present a defense or attempt to present a defense necessarily relieves the circuit court of its responsibility to comply with Rule 27.6(c).

In this case, Hayes never stated at any time that he wished to waive a formal revocation hearing. Even if Hayes's unequivocal statement that his delinquency reports were correct is considered an admission, as the State asserts, the circuit court did not comply with Rule 27.6(c) before accepting Hayes's admission, thus allowing for the waiver of a formal revocation hearing.

11

As this Court recently recognized in <u>Mulkey v. State</u>, [Ms. CR-2022-1234, May 3, 2024] ___ So. 3d ___ (Ala. Crim. App. 2024), strict compliance with Rule 27.6(c) is not always required. Instead, "substantial" compliance with the "spirit" of Rule 27.6(c) will support a finding that a probationer waived his right to a revocation hearing. See <u>Wagner v. State</u>, 197 So. 3d 517, 524 (Ala. 2015) (holding revocation hearing "substantially conformed to the requirements of Rule 27.6(c), certainly to the extent that the spirit of the rule was fully complied with.") In this case, however, it is abundantly clear from the record on appeal that the circuit court did not substantially comply with the "spirit" of Rule 27.6(c) when it revoked Hayes's community-corrections sentence. The circuit court simply asked if Hayes had received a copy of the delinquency reports and if the allegations in the reports were correct before it revoked Hayes's probation.

Accordingly, we reverse the circuit court's order revoking Hayes's community-corrections sentence and remand this case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Windom, P.J., and McCool, Cole, and Minor, JJ., concur.